EBENEZER J. HILL *vs.* EDWIN H. MATHEWSON.

Fairfield Co., March T., 1888.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

By statute (Gen. Statutes, § 3020), a person furnishing materials or render-ing services in the erection of a building, can, except in certain cases, acquire a lien on the property only by giving written notice to the owner of the building "within sixty days from the time he shall have commenced to furnish materials or render services." Held that, where a party had furnished materials from time to time upon a running ac-count for more than sixty days, he could not then secure a lien for the materials furnished after a date within the sixty days by giving notice of his claim of lien therefor and of the amount furnished after that date.

[Argued April 11th—decided June 2d, 1888.]

SUIT for the foreclosure of a lien for materials furnished in the erection of a house and barn for the defendant; brought to the Court of Common Pleas in Fairfield County.

The complaint contained two counts. The first alleged that the defendant was owner of a certain piece of land in the town of Norwalk, which was described, and on which were a dwelling-house and barn , that the plaintiff had fur-nished materials for, and which were used in, the construc-tion of the house and barn, under an agreement made on the 26th of May, 1885, with one J. M. Sanger, who was the contractor with the defendant for their construction; that the plaintiff commenced to furnish the materials on said 26th of May and finished furnishing them on the first

day of October of the same year; that there was due him for the materials so furnished a balance of $341.37, of which balance the sum of $155.96 was due for materials furnished after the 11th day of August, 1885; that the plaintiff, on the 9th day of October, 1885. gave the following written notice to the defendant:—" *To Edwin H. Mathewson, South Norwalk, Conn. :* Sir—You are hereby notified that on the 26th day of May, 1885, I commenced furnishing lumber and materials to J. M. Sanger for the erection and construction of your house on West Avenue in the town of Norwalk, and ceased so doing on the 1st day of October, 1885, that the value of the materials so furnished is $1,155.50, that of the whole amount furnished $155.96 worth was furnished since the 11th day of August, 1885, that all of said materials were actually used in the construction of said house, and that the sum of $341.37 is now due thereon from said Sanger to me, and that I intend to claim a lien on said premises for said sum of $341.37, pursuant to the statute in such case provided. Dated at Norwalk, this 9th day of October, 1885. EBENEZER J. HILL;" and that the plaintiff on the same day lodged a certificate of the lien, duly signed and sworn to, with the town clerk of the town of Norwalk.

The second count alleged the same general facts but stated the date of the commencement of the furnishing of materials to be August 11th, 1885, and averred the lien to be for materials furnished after that date, and claimed a balance due for such materials of $155.96.

The defendant demurred to both counts of the complaint upon the ground that it appeared upon its face that the notice was not given to the defendant within sixty days after the commencement of the furnishing of the materials. The court (*Hall, J.,*) held the complaint insufficient and rendered judgment for the defendant. The plaintiff appealed.

*J. H. Perry*, for the appellant.

The question involved in this case is to be decided by determining the proper construction to be placed upon the provision of section 3020 of the General Statutes, which

is as follows : " No person * * * shall be entitled to claim any such lien unless he shall within sixty days from the time he shall have commenced to furnish materials or render services, give written notice to the owner of such building that he has so commenced to furnish materials or render services, and intends to claim a lien therefor on said building."

We contend that *materials* and *lien* are to be read and construed together. That the materials referred to are those for which the lien may be enforced, namely, those furnished within a period of sixty days prior to the notice, and not all the materials at any time furnished for the building. That the furnishing and the lien go on *pari passu.* That for the sixty days after the first article is furnished, there is a lien which covers everything so furnished; that then, if no notice is given, but the furnishing continues, the lien which, so to speak, is in that case but sixty days long, as it advances to cover the new articles furnished begins to uncover the articles more than sixty days behind, and so on until a notice properly given fastens the rear end of the lien and permits it to extend on for the future without uncovering any more of the past.

Otherwise the effect of the law will hardly be reasonable, for in that case a material man who furnishes a barrel of lime for the beginning of a cellar wall for which he is soon thereafter paid and nothing more until the completed structure is finally plastered, can have no lien for the last material then furnished, because he gave no notice within sixty days of the furnishing of that first barrel. If he is willing to take his chance of getting paid for the first part of his bill, and not trouble the owner about it, he must, on this construction, lose his lien for the last.

We submit that the construction which we claim imposes no additional burden upon the owner, and fully accomplishes the apparent object of the law. It was apparently intended that the owner should be able to make his payments to his immediate contractor, without being obliged to look out for and protect those who furnished that contractor his material

prior to a period sixty days before a distinct notice so to do. Sixty days seems to have been considered a reasonable time during which the owner must keep track of what is being attached to his land and made his, to the end that, being about to enjoy the use of it and having notice that it is not paid for, he shall take reasonable pains to see that it *is* paid for before making further payments to his contractor. If this is so, it is no harder for him to exercise such care during one period of sixty days than another.

If it be said that, having waited sixty days from the first furnishing of any given class of materials without receiving a notice, he should be permitted to understand that no lien does or can exist, we have only to reply, that lumber from one yard looks like lumber from another, that the owner can never know, without special investigation, whether the beam that goes into his house to-day is from the same dealer as those which have gone into it for sixty days past; and that the care and oversight which this and kindred facts will necessarily entail upon him is no greater than the trouble of seeing that he makes no payments until all material furnished by old and new dealers alike, within sixty days before notice, is arranged for before he makes them.

Our belief is that the law, which, for reasons which have commended themselves to generations of law makers, makes it necessary for every owner to protect to the extent specified in the statute every material man, for certainly the first sixty days after he has furnished his first article, will lose its reasonableness, and come far short of accomplishing that for which it was intended, if all material furnished by old and new dealers alike is not protected for a period of sixty days from the date when it was so furnished. If the law considers a failure for sixty days to make the requisite claim such negligence as should defeat the lien, that failure only relates to the items further back than that, and should not diminish the security for items within that period, with reference to which there has been no such negligence at all.

We are unable to see why this construction of the law is not consistent with its letter, consonant with its object, and

the most favorable to all concerned. It will be observed that the law°is strikingly similar in its wording to the statute of limitations. This says, "No person * * * shall be entitled to *claim* any such lien;" that says, "No *action* shall be brought." We all understand that an account, a portion of which is more than six years old, is not cancelled by the latter statute. Why should the lien for a claim, a portion of which is more than sixty days old, be cancelled by the former. We may not *sue* for the first part of one, if the debtor objects. We may not, in like case, *claim* the first part of the other. In neither case should the part cut off, without legal help for its recovery, invalidate all that is left.

It is claimed that the statute under consideration should be construed strictly, and that a strict construction of terms excludes our view. But we find in our reports no greater severity of construction prescribed for it than "reasonable strictness." *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn., 474. See also Phillips on Mechanics' Liens, §§ 16, 17 ; also remarks of WAITE, C. J., in his dissenting opinion in *Presbyterian Society* v. *Staples*, 23 Conn., 561.

*W. T. Haviland* and *H. H. Knapp*, for the appellee.

1. The statute providing for builders' liens confers a new remedy and is therefore to be strictly construed, according to the well-settled principle that when by statute a remedy is created unknown at common law, it must be strictly construed and must be followed with strictness both as to the methods to be pursued and the cases to which it is applied. Sedgwick on Const. & Stat. Law, 267, 269, note ; *Hoyle* v. *Town of Putnam*, 46 Conn., 61; *Gale* v. *Blaikie*, 129 Mass., 209. Such is the general rule adopted by the courts in the treatment of statutory remedies, and it has been not only affirmed by the Supreme Court of this state, but has also been applied specifically in the construction of the particular statute now under consideration. *Presbyterian Society* v. *Staples*, 23 Conn., 544, 559 , *Chapin* v. *Persse & Brooks Paper Works*, 30 id., 461, 474; *Larkins* v. *Blakeman*, 42 id.,

292, 294; *White* v. *Washington School District*, id., 541, 545; *Mead's Appeal from Probate*, 46 id., 417, 433.

2. The language of the statute, in requiring notice to be given within sixty days, is explicit and admits of no doubt as to its meaning. It provides that " no person * * * shall claim a lien unless he shall within sixty days from the time he shall have commenced to furnish, give written notice," etc. The giving of notice within sixty days is thus made a condition precedent,—the *sine qua non* of a successful claim of lien. Almost this identical language was used by the legislature in the statute regulating suits against corporations for injuries, (Gen. Stat. § 2673,) which reads thus : " No action * * * shall be maintained against any corporation unless written notice * * * shall within sixty days thereafter be given," and these words have, in the very recent case of *Fields* v. *Hartford & Wethersfield Horse R. R. Co.*, 54 Conn., 9, 11, been construed by this court to mean that " the giving of notice is a condition precedent to the right to maintain the action." But the facts in this case show that the date of the commencement was May 26th, 1885. The statutory term expired July 25th. The notice was not given until October 9th—which was one hundred and thirty-six days after he " commenced to furnish." The necessity of this notice within the sixty days has been repeatedly declared by this court. *Hooker* v. *McGlone*, 42 Conn., 95 ; *Shattuck* v. *Beardsley*, 46 id., 386 ; *Kinney* v. *Blackmer*, 55 id., 261.

3. The 3019th section of the statute provides that such a lien shall not be valid unless a certificate is lodged with the town clerk " describing the premises, the amount claimed as a lien thereon, and *the date of the commencement of the claim.*" Here the only date stated in the certificate is May 26th, 1885. This statement of the date of commencement is made as important by the statute as the description of the property. And yet, in *Rose* v. *Persse & Brooks Paper Works*, 29 Conn., 256, and *Chapin* v. *The same*, 30 id., 461, it is held to be necessary to the validity of the certificate that the premises be correctly described.

4. There is no room for a fair question as to the meaning of the term "commence" in the statute. Its language is—"shall have *commenced* to furnish." The first section of our recent revision provides that "in the construction of all statutes of this state, words and phrases shall be construed" according to the commonly approved usage of the language. The word "commence" can have but one meaning; it means the beginning of the furnishing. This meaning is given to it by Loomis, J., in *Nichols* v. *Culver*, 51 Conn., 181. There can properly be but one beginning where the materials are furnished on one continuous account. The facts show that from May 26th the furnishing was continuous. If it may be split into two parts, then why not into fifty, and be made the subject of as many separate liens. The law can never have intended this.

5. The statute in its present form has been in existence thirty years; it has come before this court for consideration many times, and the construction which we now claim has always been acted upon as the correct one. A practical construction has thus been put upon it by builders and material men, and this of itself should, we submit, be sufficient reason for denying the claim of the appellant. More than that, it is a construction which is reasonable, it gives to each word of the statute its ordinary meaning; it is the construction stamped by the approval of this court in a score of cases; and it guards with a just care the interests of the owner of buildings upon which the debt of a stranger is to be fastened.

CARPENTER, J. The plaintiff, a lumber dealer, contracted with one Sanger, a builder, who had contracted with the defendant to build for him a house and barn, to furnish lumber for the erection of the buildings. He commenced furnishing materials on the 26th day of May, 1885, and continued so to do under the same agreement until the first day of October. Not being paid in full, on the 9th day of October he gave the defendant written notice that he commenced furnishing materials on the 26th day of May and ceased doing so on the 1st day of October; that the value of the

Hill v. Mathewson.

materials so furnished was $1,155.50; that of the whole
amount furnished $155.96 worth was furnished after the 11th
day of August, 1885; that all of the materials were actually
used in the construction of the buildings; and that the sum
of $341.37 was then due thereon from Sanger to him, and
that he intended to claim a lien on the premises for that
sum.  On the same day he lodged a lien certificate with the
town clerk which was duly recorded.

In an action to enforce the alleged lien the Court of Com-
mon Pleas rendered judgment for the defendant and the
plaintiff appealed.

The plaintiff now abandons his claim for $341.37, and
claims only to recover the amount furnished after August
11th—$155.96.

The statute (Gen. Statutes, § 3020), is as follows :—" No
person other than the original contractor for the building,
or a sub-contractor whose contract with such original con-
tractor is in writing, and has been assented to in writing by
the other party to such original contract, shall be entitled
to claim any such lien, unless he shall, within sixty days from
the time he shall have commenced to furnish materials or ren-
der services, give written notice to the owner of such build-
ing that he has so commenced to furnish materials or render
services, and intends to claim a lien therefor on said build-
ing," etc.

There is no uncertainty and no ambiguity about this lan-
guage.  The plaintiff has told us, in language not to be mis-
taken or misunderstood, when he commenced to furnish
materials, and this court is not at liberty to say that he com-
menced on each and every day thereafter so long as he con-
tinued to furnish them.  That would be a perversion rather
than a construction of the statute, which required notice to
be given within sixty days next following May 26th.  It was
not in fact given until October 9th, eight days after the
plaintiff ceased furnishing materials.  No argument can
make it plainer that that was not a compliance with the
statute.

In one of three ways only can the plaintiff's claim be sus-

tained :—by disregarding the plain terms of the statute, by construing it as meaning something entirely different from what it says, or by regarding the commencement to furnish materials as August 11th instead of May 26th. We are not asked to disregard the statute. The proposition to give it a meaning essentially different from that which its language imports, and which is not fairly included in the words used, cannot be entertained. To sanction the plaintiff's claim will be in effect to make it read thus :—" Any person furnishing materials for the construction of a building may at *any time* give the owner notice, etc., and shall thereby be entitled to a lien for all materials furnished within sixty days next before giving such notice," etc. While the statute may have that effect in some cases, it is obvious that in many cases it cannot unless its terms are enlarged and extended. If a privilege so broad had been intended, language adequate to express such intention would have been used. It was not the object of the statute to define the retroactive effect of the lien, but to fix a definite precise time within which notice should be given. The required notice is not designed as a limitation of the lien, but as a condition precedent to its existence.

Can we, without distorting the facts, regard the commencement as August 11th ? The record shows that the plaintiff's claim arose from one, and only one, contract with Sanger. There was not a separate contract for each load, or each day's, week's or month's supply. Any attempt to regard the supplies furnished before August 11th as under one contract, and those furnished after that date as under another, is unwarranted. All were furnished under the same agreement, and the commencement was May 26th.

The supplies furnished by the plaintiff amount to $1,155.50. Of that amount the sum of $814.13 has been paid. If we allow the plaintiff's claim we must apply all the payments to the materials furnished before August 11th ; or, what is the same thing, we must assume that no portion of those furnished after that date have been paid for. That is to say, the law will make an application of payments, not to one of

several distinct obligations, but to a portion of one entire debt; and that for the purpose of giving the plaintiff a lien on the property of the defendant for a debt due to him from a third person, simply because he failed to acquire such lien by a non-compliance with the statute. We are aware of no principle by which such a proceeding can be justified. The plaintiff has no equities superior to those of the defendant. The law, aside from the statute, creates no lien in these cases; and the courts cannot be expected to favor the existence of a lien in cases not fairly within the terms of the statute. The payments were made on one contract to be applied on one debt. There were not several outstanding obligations, and hence there could be but one application. There was no occasion for Sanger to direct nor for the plaintiff to elect. Nor are we warranted in saying that the payments or any of them shall be applied in payment of any particular portion of the supplies furnished. That is something we know nothing about. The parties have not told us, and there is no room for presumption beyond this, that if the case called for it, justice required it, and we had sufficient data, we should doubtless apply each payment to goods previously delivered. But nothing in this case calls for such action by the court. We do not know when these payments were made. It is legally possible that they were made after all the materials were delivered. If so the application may as well be to one portion of the debt as another. The law is silent on that subject because it has no occasion to speak. Legally speaking the defendant now has just as good a right to insist that the payments shall be applied to the items last delivered, that the plaintiff has to insist that they shall be applied to those first delivered. But that is a controversy the law will not settle. Had timely notice been given the whole demand would have been within the protection of the lien, and this matter would have been immaterial. The neglect of the plaintiff to comply with the law does not make it material. The plaintiff has no superior equities which call upon the court to interfere in his behalf. The statute gives him a lien, but only on condition that he com-

plies with its provisions.   It is not a common law right and therefore a reasonably strict compliance is essential.   He failed to comply and therefore has no lien.

There is no error in the judgment complained of.

In this opinion the other judges concurred.