WALTON and another, Plaintiffs, vs. DAYTON HOTEL COMPANY, imp., Defendant and Respondent, FARLEY & LOETSCHER MANUFACTURING COMPANY, Defendant and Appellant.

*April 9—May 12, 1931.*

For the appellant Farley & Loetscher Manufacturing Company there were briefs by *Hammond & Jones* of Kenosha, and oral argument by *Walter H. Hammond*.

For the respondent there was a brief by *Kaumheimer & Kaumheimer* of Milwaukee and *George W. Taylor* of Kenosha, and oral argument by *Leon E. Kaumheimer*.

ROSENBERRY, C. J.  The defendant and appellant, Farley & Loetscher Manufacturing Company, hereinafter designated the appellant, was a subcontractor furnishing material to a principal contractor, who was engaged in constructing a building for the defendant and respondent, Dayton Hotel Company, under a subcontract between the principal contractor and the appellant, which subcontract was entered into some time prior to the month of November, 1924.  The contract was an entire one and deliveries were made as follows: November 24, 1924, material to the amount of $63.50; November 29, 1924, material to the amount of $986.  For these two deliveries payments were made in full on December 16, 1924.  January 20, 1925, material to the amount of $331.09, for which payment was made on February 16, 1925; March 26, 1925, material to the amount of $4,947.36, for which no payment was made and for which amount a mechanic's lien is claimed.  On April 22, 1925, the appellant served notice upon the Dayton Hotel Company that it had furnished materials for use in and about the construction of the said hotel building pursuant to its agreement with the principal contractor.  This notice was in due form and would entitle the appellant to the benefit of the mechanic's lien law if served in time.  The lien is claimed under sec. 289.02 (1) of the Statutes, the material part of which is as follows:

"Every person, firm, corporation or association other than a principal contractor, who performs by himself or by his

beast of burden any work or labor or furnishes any materials in any of the cases enumerated in section 289.01, shall within thirty days after performing the first work or labor or furnishing the first materials give notice in writing to the owner of the property upon which such work or labor is being performed or to which such materials are being furnished either by personal service on the owner or his agent or by letter . . . stating that he has been employed to perform work or labor or to furnish materials, describing the real estate upon which the same is to be performed or furnished. . . ."

It is the contention of the Hotel Company that the notice must be given within thirty days of the furnishing of the first materials under the contract irrespective of payments made. It is the contention of the appellant that the notice is sufficient if given within thirty days from the furnishing of the first materials for which the subcontractor claims a lien.

The trial court correctly held that if the appellant's contention with respect to the proper construction of the statute should be sustained, a subcontractor could give a notice at any time which would entitle him to a lien for any materials furnished less than thirty days prior to the giving of the notice. He might even give the notice after the building is completed, which would be effective as to any materials delivered within thirty days prior thereto. The owner is, as the trial court held, entitled to rely upon the plain wording of the law, which says that notice must be given to him within thirty days after the subcontractor furnished to him the first materials. The owner is not obliged to inquire whether the contractor has paid cash for the first or subsequent deliveries made by his subcontractor. If the statute be given the construction which appellant claims it should receive, words would be read into it giving it a substantially different meaning than it now has.

In *McMillan v. Phillips*, 5 S. Dak. 294, 40 N. W. 349, the court arrived at the same conclusion with respect to the

construction of a statute which provided that notice should be given by the subcontractor to the owner "before or at the time he furnishes materials." See, also, *Hill v. Mathewson*, 56 Conn. 323, 15 Atl. 368; *Mowry v. Hill*, 14 R. I. 504.

*By the Court.*—Judgment affirmed.