GANDY *v.* ORR, ADMINISTRATOR.

[No. 16,872. Filed October 21, 1942. Rehearing denied December 2, 1942. Transfer denied January 14, 1943.]

*Mountz & Mountz,* of Garrett, *Kissinger & Kissinger,* of Columbia City, and *Otto E. Grant,* of Fort Wayne, for appellant.

*Bloom & Bloom,* of Columbia City, and *Rex S. Emerick,* of Kendallville, for appellee.

BLESSING, J.—The appellant, Ethel A. Gandy, filed a claim against the administrator of the estate of Jacob E. Pence, by which she sought to recover the sum of $7,500, with interest thereon, less certain credits which had been given. The money was alleged to have been loaned to the administrator's decedent in accordance with the terms and conditions of a written contract entered into by the decedent and Elmer E. Gandy. The contract was thereafter assigned by said Elmer E. Gandy to the appellant.

In addition to the agreement sued upon, the contract contained many other items, among which were an assignment of a mortgage and a release of a like instrument.

The issues were joined upon appellant's claim and the administrator's statutory defenses. The cause was tried to a jury, which returned a verdict against the appellant and in favor of the administrator. The court then rendered a judgment upon the verdict, and a motion for new trial was thereafter filed and overruled. The overruling of the motion for new trial is the only error relied upon for reversal. The specifications under said

motion for new trial relate to the giving of certain instructions and the refusal to admit certain testimony upon the trial of the cause.

Section 6-1015, Burns' 1933 provides that in a claim against an estate, it is not necessary for the executor or administrator to plead any matter by way of answer, except a set-off or counterclaim. It has been held, under such section, that proof of the execution of written instruments which are the foundation of claims must be made, although such execution is not denied under oath. *Digan* v. *Mandel* (1907), 167 Ind. 586, 79 N. E. 899; *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304. Under the issues as joined, the burden of proving the execution of the contract upon which appellant's claim is based, was upon appellant. In her case-in-chief, appellant put upon the stand the notary public who took the acknowledgment of the parties to the contract, and she was the only witness who testified as to the execution of the contract between Gandy and Pence. However, in rebuttal, appellant attempted to introduce new evidence as to the execution of the contract and as to the events leading up to such execution. Upon objections by appellee, the court refused to allow such testimony to be given, stating as the reason for such ruling that the evidence was "part of plaintiff's main case and should have been introduced by plaintiff before resting." Appellant contends that the court erred in making this ruling.

The only testimony offered by appellee on the question of execution of the contract that we find in the record is the statement of decedent's son who said he made a search of his father's papers, kept in various places, about ten months after the contract in question was

supposed to have been executed, and he was unable to locate such contract.

Generally speaking, the order in which proof is adduced on any issue is within the sound discretion of the court trying the case, and the refusal of the court to permit the introduction of evidence in rebuttal that is a part of a litigant's case-in-chief is cause for reversal only in the event of the abuse of such discretion. *Stalker* v. *Breeze* (1917), 186 Ind. 221, 114 N. E. 986; *Stewart* v. *Smith* (1887), 111 Ind. 526, 13 N. E. 48; *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N. E. (2d) 75. While the court could have properly admitted the additional testimony to support the execution of the contract as to delivery, we cannot say on review of the record that there was shown an abuse of discretion in the court's ruling.

The appellant makes further contention with respect to the refusal of the court to permit the introduction of evidence in rebuttal on the question of want of consideration for the agreement. This contention we think has merit. The burden of this issue was upon appellee, and much evidence, oral and documentary, was introduced by appellee to establish the fact that appellant's assignor never loaned appellee's decedent the sum of $7,500.00. An examination of the evidence as disclosed by the transcript discloses strong proof on this issue, and, being uncontradicted, fully justified a verdict in appellee's favor.

Appellant offered a witness in rebuttal on the question of consideration for the agreement in question and the court upon objection refused to admit the testimony. Offers to prove are in the record and we are of the opinion that error was committed in the court's refusal to permit this witness to testify on matters involving

the question of consideration. Appellant offered to prove by this witness that at the time the contract was executed, the decedent said: "Now we have everything settled;" that decedent at a later date asked this witness to compare the records kept by Gandy (appellant's assignor) with the items set out in the original copy of the contract in question, and that at such examination the decedent said that the ledger charge on Gandy's book was correct and that it referred to the promise to repay the loan of $7,500.00. Also on that occasion, the decedent said to this witness, in substance, that the charge upon Gandy's ledger to him of $7,500.00 that was made under date of July 24, 1934, was correct, and that the statements with reference to said loan and as to when it had been made, the amount of it and the interest thereon were correct, and that the credits of interest upon said loan as shown by Gandy's ledger were correct.

Although some of these particular answers referred to the original copy of the contract and from which an inference of delivery could be drawn, this fact did not restrict the evidence to appellant's case-in-chief, but was proper evidence in rebuttal and should have been admitted in evidence on the question of consideration raised by the appellee in his defense. Because of this error, the cause must be reversed.

Appellant also challenges Instruction No. 11 given by the court of its own motion. Said instruction is as follows:

"The court, however, instructs you that the signing and acknowledging of an instrument before a notary public and the placing of a certificate of acknowledgment thereon by a notary public, is not necessary to make the instrument a binding instrument between the parties who have actually subscribed and executed the same. The certificate of acknowledgment attached to the written instrument read in evidence, in this case, standing alone,

is not evidence of the execution of such instrument on the part of Jacob E. Pence, the deceased."

The contract on which appellant's claim is based was acknowledged before a notary public whose certificate of acknowledgment is as follows:

"STATE OF INDIANA, WHITLEY COUNTY, SS: Before me, the undersigned a Notary Public in and for said county this 21st day of January 1939 personally appeared Jacob E. Pence and Elmer E. Gandy parties to this contract made upon six sheets of paper in duplicate and acknowledged the execution of the same as their free act and deed for the purposes as are stated in said contract.

"Witness my hand and seal.

"Ila M. Kichler, Notary Public.

(Seal)

"My commission expires May 4th, 1941."

This instruction we think is erroneous. Section 2-1634, Burns' 1933 provides among other things that "Certificates . . . purporting to be under the seal and signature of such notary public shall be received as presumptive evidence of the official character of such instrument and of the facts therein set forth." By the terms of the certificate of the notary, the subscribing parties to the contract acknowledged the execution thereof. This certificate, authenticated by the notary, was *prima facie* evidence of the execution of the contract. *Krom* v. *Vermillion* (1895), 143 Ind. 75, 41 N. E. 539. The certificate being merely presumptive evidence, the presumption disappears upon evidence to the contrary. *State ex rel. Winslow* v. *Fisher, Clerk* (1941), 109 Ind. App. 644, 37 N. E. (2d) 280. But until this presumption is rebutted it stands in favor of one having the burden of proof on the question of execution.

Error is predicated upon other instructions, but in

612

view of what we have said about the evidence in this cause it is quite unlikely that such questions will again arise.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 44 N. E. (2d) 181.