McCormick and others, Plaintiffs and Appellants, v. Kuhnly and others, Defendants: Miller and another, Defendants and Respondents.

*November 27, 1964—January 5, 1965.*

For the appellants there were briefs and oral argument by *Richard R. Rynders* of Madison.

For the respondents there was a brief and oral argument by *Max H. Klein* of Middleton.

A brief *amicus curiae* was filed by *Grootemaat, Cook & Franke,* attorneys, and *O. A. Grootemaat* of counsel, all of Milwaukee, for the Wisconsin Retail Lumbermens Association.

GORDON, J. In this case, we must determine whether the materialmen gave timely notice under sec. 289.02 (1), Stats., in order to qualify as lienholders against the owner of the building. Under the statute, a supplier of materials is required to give notice "within 120 days after furnishing the first labor or materials." The problem requires our applying the quoted language to the facts of the instant case.

The notice claiming a lien was given to the owners on June 7, 1963. This date is more than one hundred twenty days from the date when an original delivery of materials was made (December 17, 1962). However, it is within one hundred twenty days from the date (March 21, 1963) which the appellants claim was the date when deliveries were first made under a new contract relationship.

The appellants stress the fact that they were under no express contract to furnish materials for this construction job. The general contractor purchased materials wherever he found it advantageous to do so. The appellants also stress the fact that after making numerous deliveries on credit between December 17, 1962, and March 6, 1963, they declined to make further deliveries until they were paid for the deliveries which had been made. The account was in fact paid in full on March 11, 1963, and the materialmen urge that the next delivery on March 21, 1963, was made under a new and independent arrangement. If the supplier's latter position is correct, the notice given on June 7, 1963, was timely.

There was a break in the deliveries from March 6, 1963, until March 21, 1963, a period of two weeks. Was this a sufficient interruption so as to have ended continuity of the

transactions for lien purposes? In 2 Jones, Liens (3d ed.), p. 664, sec. 1435, the author states:

"If the work was done or the materials furnished for separate and distinct purposes, or under distinct contracts or orders, though in executing one and the same contract with the owner, there is no presumption of a continuous account, and the right of lien must date from the time of doing the different jobs of work, or furnishing the different parcels of materials."

However, the author thereupon adds the following:

"But if there was a continuous dealing and running account, and the work was done and the materials furnished at short intervals, and were appropriate to the condition and progress of the building, a presumption arises that it was understood from the beginning that the claimants were to do the work or furnish the materials for the construction of the building as the same should be required; . . ."

In our opinion, the instant case is controlled by the reasoning set forth in *Taylor v. Dall Lead & Zinc Co.* (1907), 131 Wis. 348, 358, 111 N. W. 490, where the court said:

". . . the existence of such unity of contract is not essential, however, to the unity of the transaction when the latter appears from the continuity of the services, their application to a single enterprise, and the attitude of the parties toward it, . . ."

The following observation in the *Taylor Case,* at page 357, is particularly applicable to the instant case:

"Where, however, the continuity of such deliveries is *broken by long and unusual periods of time,* a presumption against the unity of the transaction doubtless arises, unless such interruption and severance in time be clearly explained." (Emphasis added.)

While it is difficult to pronounce what period of time will be deemed to be "long and unusual," we have no hesitancy

in concluding that the trial court was correct in regarding this two-week interruption as insufficient to create a new date for lien purposes when the delivery of materials was resumed.

The mechanics'-lien statute has frequently been amended to extend the time in which a materialman must give notice. Under ch. 322, Laws of 1943, the period was extended from thirty days to sixty days; under ch. 191, Laws of 1959, it was again amended to one hundred twenty days. Notwithstanding the fact that such enactments are benefical to suppliers, the notice requirement is obviously also designed for the protection of the owner of the building. *Sisters of Mercy v. Worden-Allen Co.* (1932), 208 Wis. 457, 465, 243 N. W. 456; *Dayton Hotel Co. v. Farley & Loetscher Mfg. Co.* (1931), 205 Wis. 112, 114, 236 N. W. 595.

*By the Court.*—Judgment affirmed.