THE BANKING CENTER *v.* HAROLD GOODRICH ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 207

Argued March 10—decided April 9, 1976

*Arthur A. Abeshouse,* for the appellant (defendant National Lumber, Inc.).

*Anthony Fazzone,* for the appellee (defendant F. F. Hitchcock Co., Inc.).

PER CURIAM. In this action to foreclose a mortgage the defendant, National Lumber, Inc., claims a mechanic's lien. Judgment of foreclosure was rendered on April 25, 1975, ordering a foreclosure by sale. Pursuant to the judicial sale the property was conveyed on September 5, 1975. In a supplemental judgment the trial court denied National Lumber's motion to reset priorities, concluding that that defendant's lien was invalid under the decision in *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, and that it had

not been validated because National Lumber had failed to comply with the provisions of the validating act, Public Acts 1975, No. 75-418 § 7 (General Statutes § 49-35d). National Lumber has appealed from this decision.

At the outset it should be noted that there is no finding of subordinate facts. Although ordinarily that would be fatal to the appeal; *Lomas & Nettleton Co.* v. *Cadoux,* 163 Conn. 603, 605; since the parties have treated the case as though National Lumber had recorded its mechanic's lien under our pre-*Roundhouse* mechanic's lien laws and had not complied with the requirements of the validating act, we shall take the case as presented by the parties. *Phillips* v. *Moeller,* 147 Conn. 482, 484.

The mechanic's lien is purely a creature of statute. *Parsons* v. *Keeney,* 98 Conn. 745, 748; *Hill* v. *Mathewson,* 56 Conn. 323, 333. Once *Roundhouse* decided that our mechanic's lien statutes, §§ 49-33 through 49-40a of the General Statutes (Rev. to 1975), were unconstitutional, National Lumber's lien collapsed for lack of a statutory foundation. Public Acts 1975, No. 75-418, established, inter alia, a procedure for validating mechanics' liens invalidated by *Roundhouse.* Under § 7 of the act (§ 49-35d), within ninety days of the passage of the act on June 25, 1975, a new certificate of lien had to be filed on the land records and a copy sent to the owner of the building. Prior to the judicial sale, National Lumber could have validated its lien but did not do so. A judicial sale discharges a mechanic's lien. 53 Am. Jur. 2d, Mechanics' Liens, § 321. Had the lien then been valid it would have been entitled to a statutory preference in the proceeds. *First National Bank & Trust Co.* v. *Griebel,* 20 Conn. Sup. 460, 463. But since the lien was invalid and had not theretofore been validated, it was not entitled to that preference. If, as National Lumber claims, the validating act provides

no procedure for validating liens discharged as a result of a judicial sale, that legislative omission may be unfortunate. Nevertheless, we are obliged to take the statute as we find it, and we cannot read into it what it does not contain.

There is no error.

PARSKEY, A. ARMENTANO and D. SHEA, Js., participated in this decision.