**HENDERLONG LUMBER CO., INC.,**
**Intervening Plaintiff-Appellant,**

v.

**Rex L. ZINN and Elizabeth G. Zinn, Husband and Wife, and Gary National Bank, Intervening Defendants-Appellees.**

**No. 3–1077A280.**

Court of Appeals of Indiana,
Fourth District.

June 25, 1980.

---

1. *See* Ind.Code 12–3–4.1–1 *et seq.,* repealed effective January 1, 1979. For current law, see Ind.Code 31–5.5–3–1 *et seq.* (Supp.1979).

James Patterson, Timothy S. Schafer, Francis J. Schafer, Merrillville, for intervening plaintiff-appellant.

Fred M. Cuppy, Gerald K. Hrebec and J. Philip Klingeberger, Merrillville, for intervening defendants-appellees.

YOUNG, Judge.

Henderlong Lumber Co., Inc. appeals the granting of summary judgment in favor of Rex L. and Elizabeth G. Zinn. Henderlong contends that the trial court erred (1) when it found that the written notice of lien rights was not timely filed and (2) granted summary judgment in favor of the Zinns. We affirm.

The Zinns contracted with George Stahl to build a residential building upon their lot. On April 23, 1976, Henderlong began supplying materials for the construction of the building.

On July 21, 1976, Henderlong mailed two written notices to Rex L. Zinn advising him that Henderlong at the request of George Stahl would be supplying materials on credit with an estimated value of Twenty Thousand Dollars ($20,000.00) for the construction of the residence and as a result Henderlong held the right to file a lien on the property. Within fourteen (14) days of this notice, Henderlong supplied materials of a value of $18,248.08 to the Zinn property the last delivery occurring on October 4, 1976. On October 19 and December 1, 1976, Henderlong filed its Notice of Intention to Hold a Mechanics' Lien in the amount of $20,-177.47 and $20,775.53 respectively. Suit was subsequently filed and summary judgment in favor of the Zinns resulted.

Crucial to the determination of this appeal is whether the trial court's construction of IC 1971, 32–8–3–1 is correct. The statute reads in part as follows:

Any person, firm, partnership, or corporation who sells or furnishes on credit any material, labor or machinery, for the original construction of a single or double family dwelling for the intended occupancy of the owner upon whose real estate the construction takes place to any contractor, subcontractor, mechanic or anyone other than the owner or his legal representatives shall furnish said owner a written notice of the delivery or labor and the existence of lien rights within fourteen (14) days from the date of the first delivery or labor performed. The furnishing of such notice shall be a condition precedent to the right of acquiring a lien upon such real estate or upon the improvement constructed thereon.

Henderlong urges that a reasonable interpretation of the statute is that when a supplier of materials desires to use the protective measures provided by the statute he must give notice of the delivery of materials or labor upon credit to the owner within fourteen (14) days of the date of the first delivery or labor performed *upon which the existence of lien rights is claimed.* This construction, Henderlong says, would protect persons who furnish materials or labor on credit from loss and put owners on notice of indebtedness by their builder. Henderlong would thus hold a lien for materials delivered to Stahl fourteen (14) days before July 21, 1976 and all materials delivered thereafter in the amount of $18,248.08.

Zinn, on the other hand, urges that the statute plainly requires that the notice to the owner must be given within fourteen (14) days of the initial delivery of materials to the contractor, citing *Wallich Lumber Company v. Golds,* (1965) 375 Mich. 323, 134 N.W.2d 722; *Anderson v. Taylor,* (1959) 55 Wash.2d 215, 347 P.2d 536 and *Walton v. Dayton Hotel Company,* (1931) 205 Wis. 112, 236 N.W. 595, and *J. W. Copeland Yards v. Taranoff,* (1964) 238 Org. 167, 392 P.2d 259 as cases construing similar notice statutes favorable to their position.

■ Construction of a statute is unnecessary unless the language used is ambiguous or unclear. *Bowen v. Review Board of Indiana Employment Security Division,* (1977) Ind. App., 362 N.E.2d 1178. "It is also a fundamental rule of statutory construction that a statute clear and unambiguous on its face need not and cannot be interpreted by a court . . . ." *Johnson v. Wabash County,* (1979) Ind.App., 391 N.E.2d 1139, 1143. Here the words used are clear and precise. No construction is needed. The Legislature said that the notice must be given within fourteen (14) days of the *first* delivery of labor performed. First means first not second or subsequent. Had the General Assembly wanted to add the words "upon which the existence of lien rights is claimed" it could have done so. It did not. Therefore, materialmen or laborers who furnish materials or labor on credit to builders of residential buildings must give notice of such activity to the owner within fourteen (14) days of when first performed if they wish to preserve their rights under the statute. Because Henderlong failed to provide notice to the Zinns of the existence of lien rights within the statutory time period, a condition precedent to the creation of lien acquisition rights, no valid lien was acquired by Henderlong. The trial court's grant of summary judgment was, as a matter of law, therefore, correct.

■ The second argument advanced by Henderlong is that there exists a genuine issue of material fact regarding the contractual arrangements between Henderlong and George Stahl, the contractor to whom it sold materials on credit, and therefore, the grant of summary judgment was erroneous. Henderlong contends that whether the materials it provided were furnished under separate contracts is an issue of fact the resolution of which determines its right to lien claims arising under contracts created within fourteen (14) days of its notice to Zinn of July 21, 1976. This argument again places in issue the statutory construction of IC 1971, 32–8–3–1. However, because it was not presented to the trial court in the Motion to Correct Errors, the argument has been waived. Ind. Rules of Procedure, Trial Rule 59. *Hogan Transfer and Storage Corp. v. Waymire,* (1980) Ind.App., 399 N.E.2d 779.

■ Even were the alleged error properly preserved for appeal, the entry of summary judgment was nonetheless proper because there is nothing in the record from which a trier of fact could properly infer that the materials were provided under separate contracts. Indeed, the contractual arrangement between Henderlong and George Stahl was never placed in issue before the trial court.[1]

■ The standard of review of a summary judgment grant is whether the pleadings, affidavits, answers to interrogatories, responses to requests for admissions, and depositions, when read in the light most favorable to the nonmoving party, give rise to any genuine issues of material fact, *Smith v. P & B Corp.*, (1979) Ind.App., 386 N.E.2d 1232. While the burden is upon the moving party to establish that no material facts are in genuine issue, all doubts and fair inferences being resolved in favor of the opponent of summary judgment, *Bassett v. Glock*, (1977) Ind.App., 368 N.E.2d 18, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Ind. Rules of Procedure, Trial Rule 56(E). Because Henderlong failed to set forth facts in the trial court which would place in issue the contractual relationship between itself and George Stahl, summary judgment was appropriately entered. *Newell v. Standard Land Corp.*, (1973) 156 Ind.App. 597, 297 N.E.2d 842.

Affirmed.

MILLER, P. J., and SHIELDS, J. (sitting by designation), concur.

---

1. Henderlong, in its brief, admits that the record contains no evidence as to the contractual arrangement under which materials were furnished. The only evidence contained in the record are several invoices which show delivery of materials to the Zinn property on different dates. These invoices standing alone are insufficient to create a reasonable inference that each delivery was made under a separate contract.