**Rosemary LENARD, Appellant,**

v.

**Richard ADAMS and H. B. Ike Moyer, d/b/a A & M Properties, and Charles R. Miller, Auditor of Elkhart County and Woody L. Caton, Treasurer of Elkhart County, Indiana, Appellees.**

No. 3–1280A374.

Court of Appeals of Indiana, Third District.

Aug. 31, 1981.

Richard H. Sproull, Elkhart, for appellant.

Robert W. Miller, Elkhart, for appellee, A & M Properties.

STATON, Judge.

Rosemary Lenard's real property was sold at a tax sale to A & M Properties.[1] She brought this action to have the tax deed declared void.[2] A & M Properties filed a

---

1. IC 6–1.1–24–1 & –2 (Supp.1980).

2. The procedures are legislatively prescribed in the Real Property Tax Sales and Redemption of Property—Tax Deeds statutes. Ind.Code §§ 6–1.1–24–1 to –12, 25–1 to –19 (1976 & Supp. 1980).

Lenard's cause of action necessarily came within the provisions of IC 6–1.1–25–16:

"A person may defeat the title conveyed by a tax deed executed under section 4 of this chapter only by proving:

"(1) that the real property described in the deed was not subject to the taxes for which it was sold;

"(2) that the delinquent taxes or special assessments for which the real property was sold were paid before the sale;

"(3) that the real property was not assessed for the taxes and special assessments for which it was sold;

"(4) that the real property was properly redeemed before the execution of the deed;

"(5) that the proper county officers issued a certificate, within the time limited by law for paying taxes or for redeeming the real property, which states either that no taxes were due at the time the sale was made or that the real property was not subject to taxation;

counterclaim to quiet title and a motion for summary judgment.[3] The trial court granted A & M's motion for summary judgment; Rosemary Lenard appeals. The only issue presented for our review is whether the trial court erred in granting A & M's motion for summary judgment.[4]

We affirm.

## I.

### Summary Judgment

Lenard challenges the trial court's granting of A & M's motion for summary judgment by alleging that material issues of fact existed. In *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, this Court stated:

"A summary judgment is a procedure for applying the law to the facts, when there is no factual controversy. It is not a procedure for trying the facts and for determining the preponderance of the evidence. *Krueger et al. v. Bailey et al.* (1980), Ind.App., 406 N.E.2d 665. (See Ind. Rules of Procedure, Trial Rule 56(C)). The party seeking a summary judgment has the burden of establishing that there are no genuine issues as to any material fact. Any doubt must be resolved against the movant. *Ang v. Hospital Corp. of America* (1979), Ind.App., 395 N.E.2d 441. Even if the facts are not in dispute, a summary judgment is not appropriate when the information before the court discloses a good faith dispute as to the inferences to be drawn from these facts. *Krueger et al. v. Bailey et al., supra; Hale v. Peabody Coal Company* (1976) [168 Ind.App. 336], 343 N.E.2d 316.

"In determining whether to grant a motion for summary judgment, the court considers the facts set forth in the nonmoving party's affidavits as true and construes the products of discovery liberally in his favor. *Ang v. Hospital Corp. of America, supra.* Pleadings, evidence, and inferences are to be viewed in a light most favorable to the party against whom the summary judgment is sought. *Randolph v. Wolff* (1978), Ind.App., 374 N.E.2d 533. Only if no issue as to a material fact is raised, may the court grant a summary judgment. To defeat such a motion, the opposing party only needs to show that a material fact is genuinely in issue. *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756."

*Id.* at 1183–84.

If Lenard could have presented evidence establishing at least one subsection of IC 6–1.1–25–16, she would have presented a challenge to the summary judgment granted by the trial court. Lenard only pursued

---

"(6) that the description of the real property was so imperfect as to fail to describe it with reasonable certainty; or

"(7) if the original owner is claiming adversely to the deed, that the notice required by IC 1971, 6–1.1–24–4 and section 6 of this chapter were not given in the manner prescribed in those sections."

"Section 4" refers to IC 6–1.1–25–4, which provides in pertinent part:

"(a) If a certificate of sale is issued to a purchaser ... and the real property is not redeemed within two (2) years after the date the certificate is issued, ... the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, execute and deliver a deed for the property to the purchaser...."

And A & M's cause of action necessarily came within the provisions of IC 6–1.1–25–14:

"A person who holds a deed executed under section 4 of this chapter may initiate an action in the circuit court of the county where the real property is situated to quiet his title to the property. The plaintiff shall make the following persons defendants to the action.

"(1) persons who have or claim to have an interest in or a lien against the property; and

"(2) persons who, based on the real property records, appear to have an interest in or a lien against the property.

"An unrecorded instrument does not affect the plaintiff's title as established by the court's decree."

3. In addition to A & M, Lenard named the Elkhart County Treasurer and Auditor as defendants. Upon A & M's counterclaim, the St. Joseph Valley Bank was added as a necessary party. *See,* IC 6–1.1–25–14. A & M and Lenard, however, are the only parties to this appeal.

4. Lenard attempted to raise two other issues. Both are deemed waived. *See* Section II, this Opinion, *infra.*

subsection seven which provides that the tax deed may be defeated by proving:

"(7) if the original owner is claiming adversely to the deed, that the notice required by IC 1971, 6–1.1–24–4 and section 6 of this chapter were not given in the manner prescribed in those sections."

Lenard further limited her attack by challenging only the "notice" requirement found in IC 6–1.1–24–4, which provides:

"(a) In addition to the notice required by section 3 of this chapter, the county auditor shall send a notice of the sale by certified mail to the owner or owners of the real property at their last known address. The county auditor shall prepare the notice in the form prescribed by the state board of accounts, and he shall mail the notice at least twenty-one (21) days before the day of sale.

"(b) On or before the day of sale, the county auditor shall certify, on the tax sale record required by IC 1971, 6–1.1–25–8, that notice was given in the manner prescribed in this section."

Lenard alleges specifically that there is no proof in the record that notice was sent to her "last known address," or that the county auditor certified "that notice was given in the manner prescribed in this section."

■ The parties to this appeal agree that the tax deed was in fact issued to A & M. IC 6–1.1–25–4(d) provides in part that:

"The deed is prima facie evidence of:

"(1) the regularity of the sale of the real property described in the deed;

"(2) the regularity of all proper proceedings; and

"(3) valid title in fee simple in the grantee of the deed."

Prima facie evidence is sufficient to establish a given fact and remains sufficient if uncontradicted. *Johnson v. State* (1972), 258 Ind. 648, 283 N.E.2d 532; *Rene's Restaurant Corp. v. Fro-Du-Co-Corp.* (1965), 137 Ind.App. 559, 210 N.E.2d 385.

■ Additionally, A & M attached a certified copy of the tax sale certificate to its motion for summary judgment. IC 6–1.1–24–11(a) provides that:

"A certificate of sale issued under section 9 of this chapter is presumptive evidence of:

"(1) the truth of the statements contained in the certificate;

"(2) the interest of the purchaser in the real property described in the certificate;

"(3) the regularity and validity of all proceedings related to the taxes or special assessments for which the real property was sold; and

"(4) the regularity and validity of all proceedings related to the sale of the real property."

Presumptive evidence stands until rebutted. The presumption disappears upon evidence to the contrary. *Gandy v. Orr* (1942), 112 Ind.App. 605, 44 N.E.2d 181.

■ Therefore, the trial court had clear evidence before it of the regularity and validity of all proceedings entailing the tax sale. This necessarily includes the proceedings with respect to "notice," unless properly placed in issue. Lenard alleged generally in her complaint that the tax sale and notice statutes were not properly followed:[5] Additionally, she filed two affidavits in opposition to the motion for summary judgment filed by A & M. The affidavits merely argue the significance of certain evi-

---

5. In Lenard's complaint, the only paragraphs which address this issue state:

"5. That the tax deed obtained by said defendants Adams and Moyer is wholly invalid and without force and effect, in that the procedures and requirements set forth by the statute relating to the sale of property for non-payment of taxes had not been followed and for other reasons and defects occurring in the sale.

"6. That the defendant, Charles R. Miller, as Auditor of Elkhart County, is responsible for properly notifying the owners of real estate of delinquent taxes by certified mail, as provided by I.C. 6-1.1-24-4, and failed to do so and failed also to comply with several of the other provisions of the Indiana Code relating to tax sales and improperly and erroneously issued the tax deed to the defendants, A & M Properties, and thereby caused great damages to the plaintiff herein."

dence, allege noncompliance with statutes, and state generally that there are facts in issue.[6] These affidavits fail for two reasons.

**6.** Lenard's first affidavit follows:

"Comes now Rosemary Lenard, plaintiff herein, and having been first duly sworn upon her oath, now deposes and says:

"1. Rosemary Lenard states that she purchased the property in dispute in this lawsuit as a home for her grandchildren and that the home is occupied by her grandchildren and their mother and step-father, Maxine and James L. Barnett, during the times pertinent to the tax sale involved herein. The Barnetts had agreed to purchase the property from the plaintiff by assuming the monthly payments due on the mortgage on the property in favor of the St. Joseph Valley Bank and by maintaining the insurance on the property and by making all tax payments due Elkhart County, Indiana on said real estate. Plaintiff states that when she received tax bills for said property, she turned them over to James L. Barnett and Maxine Barnett who continued to assure her that said taxes were paid.

"2. Rosemary Lenard acknowledges that she received a statement that the property would be in a tax sale in August 1977, whereupon she instructed the Barnetts to check this out and pay the taxes. Maxine Barnett informs plaintiff that she, Maxine Barnett, went personally to the Elkhart County Treasurer's Office in August 1977, prior to said tax sale to pay the said taxes and was informed by an employee of the Treasurer's Office who appeared to look up the records in the official books of the Treasurer's Office, that all the taxes on the property had been paid, whereupon the Barnetts and this plaintiff relied upon the Treasurer's representation, through its agent, that the taxes had been paid.

"3. The Defendant's Motion for Summary Judgment consists of documents showing, amongst other things, that a notice of delinquent taxes was sent to the plaintiff by certified mail as required by statute; however, said notice was not received by plaintiff as evidenced by the documents supplied by defendant as the receipt for certified mail was signed by a Dorothy A. Henderson and not by the plaintiff herein.

"4. Plaintiff alleges therefore that one of the requirements for delivery of a proper tax deed has not been met by the County Treasurer and, therefore, a tax deed furnished to the defendants A & M Properties was null and void.

"5. Plaintiff further states that in addition to the failure of the Treasurer to follow the requirements of the statute, the Auditor of Elkhart County failed to file [*sic*] proper procedures in the sale of said property at the tax sale.

"6. Plaintiff alleges, amongst other things, that as set out above, the notice of the sale as required by I.C. 6–1.1–24–4 did not meet the requirements.

"7. Plaintiff would further show that there is no showing that the requirements of I.C. 6–1.1–24–3(b) and I.C. 6–1.1–24–4(b) had been met by the County Auditor prior to the time of the sale.

"8. Plaintiff further would show that the requirements of I.C. 6–1.1–24–3 and I.C. 6–1.-1–24–4 have not been complied with and that the posting requirements as set out in I.C. 6–1.1–24–2 and I.C. 6–1.1–24–3 have not been complied with.

"9. Plaintiff would further show that the County Auditor is required to prepare and record a delinquent tax list for real property, and we have no evidence that such a delinquent tax list was prepared and recorded as provided by I.C. 6–1.1–24–1.

"10. Plaintiff would further show that there is no proof that the requirements of I.C. 6–1.1–25–8 requiring the maintenance of a tax sale record and its contents have been met.

"11. Plaintiff would further show that this lawsuit has multiple defendants in addition to the defendants represented by Robert W. Miller, to-wit: A & M Properties, the Auditor of Elkhart County, Charles R. Miller, and the Treasurer of Elkhart County, Woody L. Caton, also defendants, and the complaint against them and the allegations against them are interrelated with the questions of whether or not A & M Properties received a valid tax title deed to said premises, and that there is no way to separate all the issues between the parties, and since the relief asked for from the parties is in the alternative, all of the parties should remain in the lawsuit until all issues are fully resolved.

"12. Plaintiff would further show that there is pending in this Court a lawsuit involving the same property, and the same issues in a suit wherein the St. Joseph Valley Bank is plaintiff, and Rosemary Lenard is defendant, Cause No. 49789, and that said suits should be combined for trial by this Court.

"WHEREFORE, plaintiff states that there are genuine issues of fact and law which require a trial of this action before a judgment can be rendered, and prays that the Court deny defendant A & M Properties' motion for a summary judgment."

[/s/ Rosemary Lenard]

Lenard's second affidavit follows:

"I, Maxine Barnett, state that I have read the above and foregoing Affidavit of Rosemary Lenard, and believe the same to be true and that I am the person who went to the Goshen office of the Elkhart County Treasurer in August of 1977 to inquire about the taxes and was told by an employee of the office that they were all taken care of."

[/s/ Maxine Barnett]

First, the affidavits fail to meet the requirements of Indiana Rules of Procedure, Trial Rule 56. That rule requires affidavits: (1) to be based upon personal knowledge; (2) to state facts which would be admissible evidence; and (3) to affirmatively show the affiant is competent to testify to those facts. TR. 56(E); *Whitaker v. St. Joseph's Hospital* (1981), Ind.App., 415 N.E.2d 737, 743; *Renn v. Davidson's Southport Lumber Co., Inc.* (1973), 157 Ind.App. 446, 451, 300 N.E.2d 682, 685; W. Harvey, 3 Indiana Practice 556 (1970). The affidavits submitted in opposition to the motion for summary judgment by Lenard fail all three requirements.

■ Secondly, the contents of Lenard's affidavits were totally inadequate. The function of the affidavit is to place facts in issue. The party opposing the motion for summary judgment must set forth specific facts showing a genuine issue for trial. TR. 56(E); *Henderlong Lumber Co., Inc. v. Zinn* (1980), Ind.App., 406 N.E.2d 310. As previously stated by Judge Hoffman, and of particular pertinence in the present case:

> "Furthermore, the affidavit in opposition to the motion for summary judgment stated only that there are disputed issues of fact without setting forth 'specific facts showing that there is a genuine issue for trial' as required by Rule TR. 56(E), Indiana Rules of Procedure. Such affidavit is not sufficient to show a genuine issue of material fact."

*Burcham v. Singer* (1972), 151 Ind.App. 1, 5, 277 N.E.2d 814, 816.

> TR. 56(E) provides, in pertinent part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against

him. Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered."

As stated by Judge Garrard in *Letson v. Lowmaster* (1976), 168 Ind.App. 159, 163, 341 N.E.2d 785, 788:

> "This portion of the rule cannot be disregarded. The failure of the opposing party to file affidavits, etc. will not by that fact alone render him liable to judgment. TR. 56(C); *Walker v. Statzer* (1972), 152 Ind.App. 544, 284 N.E.2d 127. On the other hand, where the materials filed by the moving party do establish the lack of any genuine issue of material fact, it is incumbent upon the opposing party to comply with the above-quoted requirement of TR. 56(E). If he does not do so *and* upon the basis of the materials before the court, the movant is entitled to judgment *as a matter of law*, summary judgment may be entered against him." (footnote omitted, original emphasis)

The tax deed, as "prima facie" evidence of the regularity and validity of all proceedings and the tax sale certificate creating a "presumption" of the same, entitled A & M to summary judgment as a matter of law.

## II.

### Issues Waived

■ Two other issues, which Lenard attempted to raise upon appeal, are waived. Her appellate brief postured the first of these alleged issues as follows:

> "Does the statute on presumption of evidence relating to a tax certificate preclude that these facts being raised at the trial of the cause when all the steps necessary to properly conduct a tax sale are not shown to have been taken properly?"

This alleged issue was presented to the trial court in the brief in opposition to A & M's motion for summary judgment:

> "Defendant relies most heavily on a statute, I.C. 6–1.1–24–11 which sets forth that a certificate of sale is presumptive evidence of regular proceedings, and the

Plaintiff has two years to rebut this presumption, said two years being from the date of the certificate being issued. This statute has never been interpreted as far as I know by the Supreme Court and was an attempt by the legislature to create a presumption which would be valid in favor of purchasers of tax sale and put a limitation upon actions to set aside tax sale certificates. It was enacted after the previous statute which said that a tax deed was conclusive evidence of a valid tax sale and was held to be unconstitutional. It may well be that this statute is likewise unconstitutional, but whether it is or not, it goes to the question of what is admissible in evidence. It would seem to me that one would have to offer some proof at a trial and have that proof either admitted or rejected by the court based upon this statute for this to become a properly appealable issue. I don't believe we can make that kind of a record in a Motion for Summary Judgment as that issue would not be isolated."

That abbreviated and obscure allusion to this alleged issue is totally deficient. The memorandum in support of the motion to correct error repeats that paragraph. The only "argument" presented in the appellate brief which *apparently*[7] addresses this alleged issue is that same paragraph.

■ The second alleged error is posited as follows:

"The Opinion of the Court stated that the Plaintiff-Appellant was without right to raise the constitutional issue at the time of the hearing on the Motion for Summary Judgment. It is the position of the Appellant that the constitutional issue may be raised at any time when the party may be materially damaged if said constitutional issue is not presented."

First, the trial court in no way opined Lenard "was without right to raise the constitutional issue." Secondly, even had the trial court made such opinion, Lenard failed to preserve any alleged error. Lenard failed to raise any "constitutional issue" at the motion for summary judgment hearing, in the motion to correct error or in the memorandum in support thereof with the possible exception of the above quoted "argument." That argument merely postulated that "[i]t may well be that this statute is likewise unconstitutional, but whether it is or not, it goes to the question of what is admissible in evidence."

The appellate brief is equally unenlightening. The trial court opinion notes that Lenard alluded to a constitutional question regarding IC 6–1.1–24–11. The appellate brief, after referring to that portion of the court's opinion, makes the following "constitutional argument:"

"The statute referred to in this Opinion is Ind.Code § 6–1.1–24–11 concerning the certificate of sale as presumptive evidence and limitations of action. In the opposition brief I had referred to this statute as perhaps being unconstitutional as well as asserting that it could not take effect and that the two (2) years should not start until there was some notice to the owner that the tax certificate had been issued. The Court in its Opinion as cited above held that the statute was presumptively constitutional, and that it in having been raised in the pleading was not a proper matter for dispute before the Court. It is this writer's opinion constitutional issues may be raised at any time in the trial of an action, and, if necessary, on appeal for the first time, but certainly having been raised at the level of the summary judgment hearing it was properly before the Court for consideration.

7. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) provides that two or more alleged errors raising substantially the same question may be grouped under one argument. Presumably in accordance with this rule, the appellant's brief combined the issue of the propriety of the trial court granting the motion for summary judgment with the above quoted issue. It was only after considered effort that this Court realized that the brief and illusory statement quoted above was appellant's "argument" on this alleged issue. The purpose in allowing the combining of issues is clearly not to provide the appellant with a means to avoid making clear and cogent argument addressing issues. Neither, just as clearly, is the purpose of this rule to engage this Court in a game of hide and seek for appellant's argument.

"The cases hold that any person who is harmed by an operation of a statute may raise the question of its constitutionality. Certainly the plaintiff in this case is harmed by the application of the statute in the manner in which the trial court implied it and harmed, if in fact it is not constitutional since she loses her entire property by virtue of its operation. See *First Savings and Loan Association of Central Indiana v. Furnish*, 367 N.E.2d 596 ([Ind.App.]1977), and cases cited in the footnote thereon, number 13, which footnote is as follows:

> "'*Shigley v. Whitlock* (1974) [160 Ind. App. 78], 310 N.E.2d 93; *Garcia v. Slabaugh* (1974) [159 Ind.App. 631], 308 N.E.2d 714; *Saloom v. Holder* (1973) [158 Ind.App. 177], 304 N.E.2d 217.'

"The constitutionality of this statute and other statutes relating to tax sales is fully and completely briefed in a case presently pending in this Court entitled, '*Mennonite Board of Mission, Inc. v. Richard C. Adams*,' Cause No. 3–780A217. The Articles of Constitution which are referred to are the constitutional sections herein set out as follows: [Appellant's brief quotes Indiana Constitution, Art. I, §§ 12, 21, 23].

"Since this issue is fully briefed in that Brief presently before you, I do not feel it necessary to encumber this Brief with the same authorities." (brackets original)

The first of these alleged issues is not addressed with specificity in the motion to correct error. Upon appeal, this alleged error is neither supported by cogent argument nor by citation to authority. The second of these alleged issues is also unsupported by cogent argument. Citation to the cases of *Mennonite Board of Missions* and *Furnish* is not pertinent. Both cases are conspicuously unrelated to the issues in the present case. The same is true of those cases cited to in footnote 13 of *Furnish*. We also note that the wholesale citation to another appellate brief as authority for appellate argument is totally inappropriate.[8]

Alleged issues of error are waived where not specifically stated in the motion to correct error, TR. 59(D), *Hogan Transfer and Storage Corp. v. Waymire* (1980), Ind.App., 399 N.E.2d 779; *Macken v. City of Evansville* (1977), 173 Ind.App. 60, 362 N.E.2d 202; where not supported by cogent argument, AP. 8.3(A); *City of Whiting v. City of East Chicago* (1977), 266 Ind. 12, 359 N.E.2d 536; *Holt v. City of Bloomington* (1979), Ind.App., 391 N.E.2d 829; or, where not supported by citation to pertinent authority, AP. 8.3(A); *Glover v. Ottinger* (1980), Ind.App., 400 N.E.2d 1212; *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 442. We affirm the trial court's judgment.

HOFFMAN, P. J., and GARRARD, J., concur.

---

8. We also note the verbatim incorporation in appellant's "argument" of Professor Harvey's scholarly work appearing at W. Harvey, 3 Indiana Practice 555 (1970) without citation thereto as authority is totally inappropriate.