No. 17,532.

KROM ET AL. *v.* VERMILLION.

INSTRUCTIONS TO JURY.—*Filing.*— *Record.*— Instructions must be
filed under section 542, R. S. 1894, to make them a part of the record.
EVIDENCE.—*Mortgage.*—*Certificate of Acknowledgment.*—The certifi-
cate of the acknowledgment of a mortgage before an authorized
officer is sufficient *prima facie* evidence of its execution to entitle
it to be read in evidence.

From the Madison Circuit Court.

*W. R. West, E. B. Goodykoontz* and *G. M. Ballard,*
for appellants.

*B. McMahan* and *W. A. Kittinger,* for appellee.

JORDAN, J.—Action by appellants, in the lower court,
to obtain the cancellation of a certain note and a mort-
gage, upon the alleged grounds that the same were
executed without consideration, and that the possession
of the instruments in question was obtained wrongfully
by the appellee and without the consent of the appel-
lants.   The former answered the complaint by a de-
nial, and also by way of a cross-complaint, whereby he
sought to have the mortgage mentioned in the com-
plaint foreclosed.   Issues were ultimately joined between
the parties on their pleadings, and a trial by jury

resulted in a verdict in favor of the appellee, and upon his motion judgment was rendered accordingly. Subsequently, as the record recites, the court, at the request of the appellants, reopened the issue upon the cross-complaint, and the matters therein put at issue between the parties were tried by the court and there was a finding in favor of the appellee, and over a motion for a new trial a judgment for the recovery of the amount due upon the note and for the foreclosure of the mortgage was rendered.

The only questions that are discussed and pressed by appellants' counsel are those that grow out of the action of the court in overruling the motion for a new trial. Appellants earnestly contend that the judgment is not sustained by the evidence. We have examined and considered the evidence as it appears in the record, and while in some respects there is a sharp conflict in the same, nevertheless there is evidence sustaining the finding of the court, and under the appellate rule, by which we are controlled, we cannot weigh the same to determine on which side lies the preponderance.

Appellants complain of the court's action in permitting the appellee to read the mortgage in evidence without having proven the execution thereof, for the reason that they had, by their answer to the cross-complaint, denied under oath its execution.

It is true that the burden of proof is upon the party seeking to introduce and avail himself of a written instrument, to establish its execution, when the same has been denied by a plea of *non est factum*, and the *onus* of this issue so remains until the execution of the instrument in question is proven to the satisfaction of the court or jury trying that issue. The rule of evidence is that the party on whom this burden rests, after mak-

ing a *prima facie* case in favor of its execution, may be permitted by the court to read it in evidence. The mortgage in question, however, had been duly acknowledged before an authorized officer, and recorded as prescribed by law. The certificate of its acknowledgment was sufficient *prima facie* evidence of its execution to at least entitle it to be read in evidence. *Carver* v. *Carver*, 97 Ind. 497.

Appellants insist that the court erred in giving to the jury instructions Nos. 1 and 4. We cannot consider this alleged error, for the reason that the instructions given by the court are not properly in the record. Clause 6, of section 533, R. S. 1881 (section 542, R. S. 1894), provides that "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." The record in this case does not show that the instructions were filed. The filing thereof is essential in order to make them a part of the record. *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110 ; *Olds* v. *Deckman*, 98 Ind. 162 ; Elliott App. Proced., section 792, and cases there cited.

Other rulings of the court are said by appellants' counsel to be erroneous, but they wholly fail to point out in what manner these rulings are prejudicial to their clients. There is much confusion in the record, but no apparent available error.

Judgment affirmed.

Filed October 15, 1895; petition for a rehearing overruled December 13, 1895.