ELMER T. WHITFIELD *v.* GREATER SOUTH BEND HOUSING CORP.

[No. 471A67. Filed December 16, 1971. Rehearing denied January 25, 1972.]

*Joseph V. Simeri, Bodine, Liebowitz & Simeri,* of Mishawaka, for appellant.

*John W. Montgomery, Montgomery & Zimmerman,* of South Bend, for appellee.

HOFFMAN, C.J.—This appeal arises from a summary judgment rendered solely on a question of law. Such question of

law concerns the proper construction of the following notice of intention to hold a mechanic's lien:

### "NOTICE OF INTENTION TO HOLD MECHANIC'S LIEN

July 5 1969

"To Greater South Bend Housing Corporation
715 Easts [East] Wayne Street      62618
South Bend, Indiana

———————————————— and all others concerned.

"YOU ARE HEREBY NOTIFIED, That I (we) intend to hold a Mechanic's Lien on the following described real estate

Lot #10—Studebaker Bros Mfg. Co.

the same being known also as 750 Cushing Street together with all of the improvements thereon. The amount claimed by Lienor for which he holds the above named persons liable is Three Hundred Seven ——————— Dollars ($307.00) and is for work done and/or materials furnished by Lienor for the improvement of the above described real estate within the last sixty (60) days.

"EXECUTED this 5th day of July, 1969.

Attest:                ———————————————
                            Firm Name

——————————————— /s/   By Elmer T. Whitfield
      Written                Signature of Owner,
                          Partner or Officer

———————————————      Elmer T. Whitfield
                            (Printed)

"STATE OF INDIANA ⎫   1123 Manchester Dr.
                ⎬ SS: South Bend, Indiana 46615
COUNTY OF ST. JOE ⎭    (Address of Lienor)

"Before me, A Notary Public in and for said County and State, personally appeared

and being duly sworn upon his oath says he is the person who executed the foregoing notice of mechanic's lien, that he has read the same and that the statements therein contained are true.

"WITNESS my hand and Notarial Seal this 5 day of July, 1969.

My Commission       /s/   Earl G. Wildy
expires 10-3-72             Notary Public   (Written)
                            Earl G. Wildy
                                            (Printed)
This instrument prepared by   /s/   Mrs. Louis Whitfield."

It should be noted that the affiant's name has been omitted from the jurat attached to the document, thus raising the issue whether the documents filed by appellant qualify as "sworn statements" as required by the Indiana Mechanic's Lien Statute, IC 1971, 32-8-3-3, Ind. Ann. Stat. § 43-703 (Burns 1971 Supp.).

Viewed most favorably to the appellee the facts are:

Plaintiff-appellant Elmer T. Whitfield (Whitfield) alleges that various monies are due him under a contract whereby he agreed to furnish labor and materials to repair structures owned by defendant-appellee, Greater South Bend Housing Corporation (Housing Corporation). Whitfield further alleges that within 60 days following the completion of this work he filed in the Recorder's office of St. Joseph County notices of his intention to hold mechanic's lien against the property of the Housing Corporation. On July 6, 1970, Whitfield filed his complaint to foreclose these liens.

On July 24, 1970, the Housing Corporation appeared and filed a motion for summary judgment alleging that the notices filed by Whitfield did not qualify as "sworn statements" as required by statute. In opposition to the Housing Corporation's motion, Whitfield filed an affidavit of the Notary Public stating that the documents were signed and sworn before him. After a hearing on such motion, a summary judgment was granted by the trial court in favor of the Housing Corporation.

Subsequently, Whitfield timely filed his motion to correct errors, containing the assignment of errors argued in this appeal. Whitfield primarily contends that the documents filed, read as a whole, are in compliance with the statute.

Section 43-703, *supra,* reads in pertinent part, as follows:

"How obtained — Notice — Recording fee. — Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty [60] days after performing such labor or furnishing such materials, or machinery, described in section 1 [§ 43-701] of this act, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, ***."

Counsel for both litigants have sought to persuade this court to adopt either a strict or liberal construction of this statute in order to aid their respective arguments. Such assertions, however, are not dispositive of the issue before this court. Section 43-703, *supra,* expressly requires that "sworn statements" be filed within 60 days. A strict or liberal construction of this language is irrelevant in determining if the notices are, in fact, "sworn statements."

Both appellant and appellee cite, as authority, *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416, which involved a petition filed to contest an election  The controlling statute therein required that the petition be verified and filed within ten days after the Thursday next following such election. The petition in *Gossard* was timely filed, however, the notary failed to sign the attached jurat. Under this circumstance the court held that the petition was not verified as required by the statute, nor could the petition be amended by adding the notary's signature after the expiration of the statutory time.

Were this court faced with the same situation, *i.e.,* that the notary was not identified in the jurat, Whitfield would necessarily be denied relief. Identification of the notary in *Gossard* was essential to show the petition was sworn before an authorized officer.

Here, however, the jurat is in proper form with the exception of the omission of the affiant's name. Although the distinction between *Gossard* and the instant case is very fine,

such distinction must be made. A reading of the four corners of the notices filed by Whitfield shows that they were properly sworn and duly filed of record.

In the absence of Indiana cases directly in point, this court has searched for persuasive authority from other jurisdictions. In *Briggs* v. *Yetzer* (1897), 103 Iowa 342, 72 N. W. 647, 1 A. L. R. 1568, a statement for confession of judgment was signed by the makers, however, they did not sign an annexed affidavit and their names were omitted from the jurat. Although the facts are distinguishable from the instant case, the court's reasoning seems applicable here. The Iowa court, after noting that the statute did not require a signed affidavit, only that the statement be signed and verified by the maker, held:

> "The jurat of the notary is in the usual form, with the names of the affiants omitted. Subscribed and sworn to by whom? The very persons, and the only ones, who subscribed to the statement. No other inference can be drawn." (*Ibid* at 648 of 72 N.W.)

In the instant case, no allegation is made as to fraud, perjury or misconduct on the part of the notary, only that the omission of the affiant's name in the jurat is fatal to the documents as "sworn statements." However, a reading of the notices as a whole shows that they are "sworn statements."

This appeal was necessitated by the preparation of a document which has legal significance without the assistance of an attorney. Hardship, delay and costs were thus unecessarily incurred.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 188.