**In re Anthony Francis BALDIN, Debtor.**

**Anthony Francis BALDIN, Plaintiff,**

**v.**

**CALUMET NATIONAL BANK, Defendant.**

Bankruptcy No. 90–60359.
Adv. No. 91–6102.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division
At Gary/Lafayette.

Nov. 20, 1991.

Michael Sears, Munster, Ind., for Calumet.

Larry Kalina, Merrillville, Ind., for debtor.

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

KENT LINDQUIST, Chief Judge.

### I

#### Statement of Proceedings

The Adversary Proceeding came before the Court on a Motion for Summary Judgment filed by Calumet National Bank (hereinafter: "Defendant") on October 3, 1991, along with a Brief/Memorandum in Support of Motion for Summary Judgment.

By Order of this Court dated October 10, 1991, Anthony Francis Baldin and Luise Ann Baldin, (hereinafter: "Plaintiffs") were given 15 days to file a response or answer to said motion, and upon doing so the Defendant was granted 7 days to file a reply thereto. Plaintiffs filed a Memorandum in Opposition to the Motion for Summary Judgment of Defendant, Statement of Genuine Issues of Material Fact, and Affidavits of Anthony Baldin and Luise Baldin on October 25, 1991.

On October 4, 1991, Plaintiffs filed a Motion for Summary Judgment, Brief/Memorandum in Support of Motion for Summary Judgment, and Statement of Material Facts, Conclusions of Law, and Order of Summary Judgment.

By Order of this Court dated October 10, 1991, Defendant was given 15 days to file a written answer brief, Plaintiffs were given 7 days to file reply, and the parties were given 20 days to request hearing. On October 28, 1991, Defendant filed its Response to Plaintiffs' Motion for Summary Judgment and Statement of Material Facts, Conclusions of Law, and Order of Summary Judgment.

Plaintiffs filed Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment on November 4, 1991. Defendant filed its Final Response to Plaintiffs' Motion for Summary Judgment along with the Affidavit of Rhonda Sills on November 6, 1991.

The complaint of the Plaintiffs filed on June 26, 1991, provides in pertinent part as follows:

4. Calumet National Bank claims a second mortgage against real estate owned by the Debtors and commonly known as the Piazza Trenta Building 13 Lincoln Highway, Schererville, Indiana 46375. Said real estate is legally described as:

Lot 1, Piazza Trenta, as shown on Plat Book 49, page 5, in Lake County, Indiana.

A copy of said mortgage claimed by the Calumet National Bank is attached hereto and made a part hereof and labeled Exhibit A.

5. The Debtors in possession have the status of bona fide purchasers of real estate pursuant to 11 U.S.C. Section 544(a)(3) so as to avoid mortgages that have not been properly recorded.

6. The mortgage claim by the Calumet National Bank, Exhibit A, attached hereto, should be avoided by this Court pursuant to 11 U.S.C. Section 544(a)(3) since said mortgage has not been properly recorded based on said mortgage failing to be acknowledged as required for proper recording and for a mortgagee to take over the claims of a bona fide purchaser of real estate. Accordingly, the Debtors in possession as bona fide purchasers of real estate under Section 544(a)(3) should be declared to take said real estate free of the said alleged mortgage claim by the Calumet National Bank.

WHEREFORE, said Debtors in possession pray that the alleged second mortgage lien of the Calumet National Bank against said real estate be avoided and released and for all other just and proper relief in the premises.

Exhibit "A" to the Plaintiff's complaint reveals that on September 19, 1986, the Plaintiffs, as mortgagors, executed a real estate mortgage to the Defendant as mortgagee in the sum of $148,614.57 as to the following described real property: Lot 1, Piazza Trenta, as shown in Plat Book 49, page 5, in Lake County, Indiana. The mortgage indicates thereon that it was recorded with the Recorder of Lake County, Indiana on September 23, 1986.

The Defendant's Answer was filed on July 26, 1991, generally denying Paragraph 1 through 5 of the complaint, and further claiming in the affirmative:

6. Calumet National Bank denies the allegations contained in paragraph 6 of the plaintiff's Complaint and affirmatively states that the mortgage held by the Calumet National Bank, Exhibit "A", attached hereto, must be enforced by this Court under 11 U.S.C. Section 544(a)(3) as the mortgage has been acknowledged as required for proper recording. The proper acknowledgment is indicated on page 4 of Exhibit "A" by the signatures of Anthony S. and Luise A. Baldin, and acknowledged by the signature and presence of Rhonda Sills, a Notary Public in Lake County, Indiana. The mortgage was acknowledged and notarized on September 22, 1986, as indicated by the official seal of the Notary Public of Indiana, on page 3 of Exhibit "A" to plaintiff's Answer.

WHEREFORE, CALUMET NATIONAL BANK prays that the allegations contained in the Complaint filed by the debtors on June 26, 1991, be dismissed and that the second mortgage lien of the Calumet National Bank against said real estate be upheld as it was (sic) been properly recorded and complies with the law of the State of Indiana.

## II

### Conclusions of Law and Discussion

#### A

##### General Principles Relating to Summary Judgment

No objections were made by the parties to the jurisdiction of this Court and the Court finds this is a core proceeding pursuant to 28 U.S.C. § 157.

The granting of a motion for summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The moving party, in making a motion for summary judgment, "has the burden of establishing the lack of a genuine issue of material fact." *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984); *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984).

When ruling on a motion for summary judgment, inferences to be drawn from underlying facts contained in such materials

as attached exhibits, and depositions must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *See also, Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

By entering a summary judgment for a party, the court is concluding that based on the evidence upon which the non-moving party intends to rely at trial, no reasonable jury could return a verdict for the non-moving party. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985); *Weit v. Continental Illinois National Bank & Trust Co.*, 641 F.2d 457, 461 (7th Cir.1981), *cert. den.*, 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

Federal Rule of Civil Procedure 56(e) provides in part as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Once a moving party has met its initial burden, the opposing party must "set forth specific facts showing that there is a genuine issue for trial" and that the disputed fact is material. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983), *cert. den.*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Thus, if the movant carries his initial burden, the opposing party may not defeat the motion by merely relying on the contentions of its pleadings, but must produce significant probative evidence to support its position. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *United States v. Pent–R–Books, Inc.*, 538 F.2d 519 (2nd Cir.1976), *cert. den.* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977).

B

*Materials to be Considered on Motion for Summary Judgment*

■ Federal Rule of Civil Procedure 56(c) provides as follows:

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (Emphasis added).

Thus, pursuant to Fed.R.Civ.P. 56(c) the Court may consider all papers of record as specified therein. *Federacion de Empleadas Del Tribunal General de Justicia v. Torres*, 747 F.2d 35 (1st Cir.1984); *Allen v. Carlotti*, 400 F.Supp. 1037 (S.D.Fla.1975), *aff'd.*, 552 F.2d 1086 (5th Cir.1977).

The Court is obligated to consider not only materials specifically offered in support of the motion, but also all "pleadings, depositions, answers to interrogatories and admissions" properly on file and thus properly before the Court. *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention; the Court must consider both before granting a summary judgment. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406 (5th Cir.1980).

■ The materials considered by the Court must be of the type that would be admissible in evidence. Federal Rule of Civil Procedure 56(e) provides in part as follows:

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting

and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

■ Inasmuch as the summary judgment procedure lacks the safeguards of cross-examination of the affiant, it must be shown that he is competent to testify as to the matters stated, and the facts to which he swears are admissible in evidence. *American Securit Co. v. Hamilton Glass Co.*, 254 F.2d 889 (7th Cir.1958); *Midland Engineering Co. v. John A. Hall Constr. Co.*, 398 F.Supp. 981 (N.D.Ind.1975).

■ Supporting Memorandum, not sworn or in affidavit form making factual assertions, even if accompanied by exhibits does not meet the requirements of Rule 56(e), and cannot be relied upon by the Court as establishing a basis for summary judgment. *Macklin v. Butler*, 553 F.2d 525 (7th Cir.1977); *Smith v. Mack Trucks, Inc.*, 505 F.2d 1248 (9th Cir.1974); *Goldman v. Summerfield*, 214 F.2d 858 (D.C.Cir.1954). However "admissions in the brief of the party opposing the motion may be used in determining that there is a genuine issue as to any material fact, since they are functionally equivalent to 'admissions on file' ". *United States of America v. One Heckler–Koch Rifle*, 629 F.2d 1250, 60 A.L.R.Fed. 293 (7th Cir.1980), *quoting*, 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2723 at 490 (1973).

The Court in ruling on the Motion for Summary Judgment by the Defendant, and the Cross Motion for Summary Judgment by the Plaintiffs, has considered the following documents that have been filed of record:

1. Complaint and attached Exhibit "A" filed June 26, 1991.
2. Answer filed July 26, 1991.
3. Affidavit of Anthony Francis Baldin filed October 25, 1991.
4. Affidavit of Luise Ann Baldin filed October 25, 1991.
5. Affidavit of Rhonda Sills filed November 6, 1991.

### C

*Whether the Mortgage Claimed by Calumet National Bank Was Not Properly Acknowledged So As To Be Avoidable Under 11 U.S.C. § 544(a)(3)*

Section 544(a)(3) of title 11 U.S.C., sometimes referred to as the "strong-arm statute," permits the trustee in certain circumstances to avoid prepetition consensual liens or conveyances by the debtor on the basis of a failure to perfect the prepetition transaction pursuant to applicable law. This is accomplished by putting the trustee in the position of a hypothetical lien holder or bona fide purchaser.

The statutory authority authorizing the voiding of a real estate mortgage lien by a trustee is set out in 11 U.S.C. § 544(a). That section states:

(a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of or *may avoid any transfer of property* of the debtor or any obligation *incurred by the debtor that is voidable by —*

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) *a bona fide purchaser of real property,* other than fixtures, from the debtor, *against whom applicable law permits such transfer to be perfected,* that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. (emphasis supplied).

■■■ The particular subsection relevant to the case at bar is § 544(a)(3). It must be kept in mind that the Plaintiffs, as Debtors–In–Possession under a Chapter 11, are a separate entity upon the filing of Chapter 11 from that of the Debtor/Mortgagor before that time. As Debtors-in-Possession, they have the powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a) to invoke the voiding powers of § 544(a)(3). *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332 (7th Cir.1986); *In re Herr,* 79 B.R. 793 (Bankr.N.D.Ind.1987); *In re Hoffman,* 51 B.R. 42, 45 (Bankr.W.D.Ark.1985); *Northwest National Bank v. Bell,* Adv. Pro. No. 86–4062, (*In re William Harold Bell and Wilma Catherine Bell,* Case No. 85–40164) (Bankr.N.D.Ind. June 11, 1987) (unpub.opin.).

The Seventh Circuit has held that *actual* notice by the prepetition debtor of the encumbrance or defect, as opposed to *constructive* notice, is irrelevant when § 544(a) is invoked by a trustee or debtor-in-possession with the status of a hypothetical creditor, or bona fide purchaser. In *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332 *supra,* the Court stated as follows:

> The rights enforced in bankruptcy are rights created by state law. *Matter of Kaiser,* 791 F.2d 73, 74 (7th Cir.1986). Accordingly, the courts generally look to state law to determine whether property is an asset of a debtor. *In re Brass Kettle Restaurant, Inc.,* 790 F.2d 574, 575 (7th Cir.1986); *see also, In re K & L Limited,* 741 F.2d 1023, 1030 n. 7 (7th Cir.1984); *Matter of Gladstone Glen,* 628 F.2d 1015, 1018 (7th Cir.1980). Here, however, Congress has required that we do otherwise.

Section 544(a) states that a trustee "shall" be able to avoid an encumbrance that would be voidable by a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." The natural interpretation of this language is that actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3).

The Third Circuit's analysis of the legislative history of § 544(a) in *McCannon v. Marston,* 679 F.2d 13 (3d Cir.1982), supports the view that Congress meant what it said. In *McCannon,* the issue before the court was whether the "actual knowledge" clause in § 544(a) gave a trustee the powers of a bona fide purchaser, regardless of the trustee's actual knowledge and regardless of any constructive notice that otherwise would be imputed to a subsequent purchaser. The *McCannon* court noted that the legislative history of § 544(a) itself was sparse, and therefore turned its attention to a 1973 draft bankruptcy code that contained a similar provision. The language of this provision was very close to the language eventually adopted by Congress as § 544(a). The Commission on Bankruptcy Laws of the United States explained that this 1973 draft language was "designed to make clear that the trustee's status under the subdivision is purely hypothetical and unaffected by any knowledge which he, personally, or any or all creditors may have." Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 93–137, Part II, 93rd Cong., 1st Sess. 161, n. 3; *see McCannon,* 679 F.2d at 16. The *McCannon* court concluded that under § 544(a), actual knowledge was irrelevant regardless of the state law of actual notice. *See McCannon* at 16–17. This evidence of intent, although not conclusive, supports the inference that Congress intended actual knowledge of a transfer of property or encumbrance on property to be irrelevant, regardless of state law.

Despite the plain language of the statute and some evidence of congressional intent, Halliburton argues that this court

should follow *Hartman Paving, [In re Hartman Paving, Inc.,* 745 F.2d 307 (4th Cir.1984) ], and look to state law and policy to decide when a trustee or debtor-in-possession with actual knowledge of a transaction may invoke § 544(a). This approach is faulty for several reasons.

First, the *Hartman Paving* approach ignores a distinction Congress makes between § 544(a) and § 544(a)(3). The phrase "bona fide purchaser" in § 544(a)(3) is qualified by the words "against whom applicable law permits such transfer to be perfected." This language has been interpreted to mean that the state law of constructive notice remains applicable in the context of § 544(a)(3). *See McCannon,* 679 F.2d at 17. But the "without regard to any knowledge" clause in § 544(a) is not qualified in any way. In the absence of any reason to believe that this lack of qualification is a drafting error, we must assume that this distinction makes a difference and that state law is not relevant to § 544(a). *See id.*

Second, the *Hartman Paving* approach conflicts with our duty to give meaning to all the language of a statute. *See e.g., Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979); *Scott v. Anderson Newspapers, Inc.,* 477 N.E.2d 553, 563 (Ind.App.1985). It is hornbook law that property law does not generally protect a bona fide purchaser with actual knowledge of a transfer of or encumbrance on property. *See e.g.,* 8 G. Thompson, *Commentaries on the Modern Law of Real Property,* § 4325 at 431–42, 434 (J. Grimes repl. ed. 1963) (as a general rule, a purchaser is bound by knowledge of previous conveyances, whether of record or not; mortgagee with actual knowledge takes subject thereto and is not protected as a bona fide purchaser.). Hence, if we adopted Halliburton's suggested approach, the "actual knowledge" clause of § 544(a) would be a dead letter for all practical purposes.

Finally, as the district court in this case noted, the *Hartman Paving* analysis creates a distinction in the Bankrupt-

cy Code between a trustee (who will rarely have actual knowledge) and a debtor-in-possession (who will often have actual knowledge). This result is in conflict with section 1107(a), which gives the debtor-in-possession 11 the rights and duties of a trustee. 11 U.S.C. § 1107(a). *See,* S.Rep. No. 95–989, 95th Cong.2d Sess. 117, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6360.

We conclude that Congress did not intend Sandy Ridge's knowledge of the mortgage to prevent it from asserting the strong arm clause, because actual knowledge is irrelevant under § 544(a). *See, McCannon v. Marston,* 679 F.2d at 16–17; *see also, In re Bygaph, Inc.,* 56 B.R. 596, 603 (Bankr.S.D.N.Y.1986); *In re Ernest & Assoc., Inc.,* 59 B.R. 495, 497–98 (Bankr.W.D.Tex.1985); *In re Matos,* 50 B.R. 742, 744–45 (Bankr.N.D.Ala. 1985); *In re Hartman Paving,* 745 F.2d at 311 (Winter, C.J., dissenting). We therefore decline to adopt the Fourth Circuit's rule in *Hartman Paving* as the law in the Seventh Circuit.

*Id.* 807 F.2d at 1335–1336. (footnotes omitted).

In *Sandy Ridge,* the Debtor-in-Possession filed in Adversary Proceeding asserting that a certain mortgage, though otherwise valid, was recorded in contravention of the Indiana Statute requiring the name of the person who prepared the document to be indicated on the document. The Debtor asserted that because the mortgage was improperly recorded it was voidable as to a bona fide purchaser. *See,* I.C. 36–2–11–15(b). The Bankruptcy Court, and the District Court, based their decisions on the only reported decision involving this statute, *United States v. Lake County Farm Bureau Co-op.,* 205 F.Supp. 808 (N.D.Ind. 1962), which concerned a chattel mortgage on crops. In that case, the Court held that the filing of the mortgage in violation of the statute was a nullity and therefore the mortgage, although recorded, gave no constructive notice to the Defendant's creditors. The Seventh Circuit concluded that there was no controlling Indiana precedent on the issue, and certified the issue to the

Supreme Court of Indiana. The issue upon certification to the Supreme Court of Indiana was decided in the case of *In re Sandy Ridge Oil Co., Inc.,* 510 N.E.2d 667 (Ind.1987), discussed *infra.*

The courts in this district in keeping with *Sandy Ridge* have rather consistently held that actual knowledge is not imputable to the debtor-in-possession due to his status as a bona fide purchaser pursuant to § 544(a)(3). *See e.g., In re Arnol & Mildred Shafer Farms,* 102 B.R. 712, 716 (Bankr.N.D.Ind.1989), *rev'd. on other grounds,* 107 B.R. 605, 608; *In re Herr,* 79 B.R. at 796–98, *supra.*

■ It is thus clear that the fact that the prepetition Debtors herein had actual knowledge of the Defendant's mortgage, and the recording thereof is irrelevant, and such knowledge cannot be imputed to them in their status as post petition debtors-in-possession.

■ It has always been the law of Indiana that even if a mortgage is improperly recorded, or has not been recorded, it is valid between the parties. *In re Dunn,* 109 B.R. 865, 873 (Bankr.N.D.Ind.1988).

■ However, because the express language of § 544(a)(3) grants the trustee (or the debtor-in-possession) the rights of a bona fide purchaser of real property, even where such purchaser does not actually exist, any transfer of real property not properly perfected as to a bona fide purchaser as of the petition date is of no effect against the debtor-in-possession.

The definition of a "bona fide purchaser", and thus the requirements for perfection against such an entity, are governed by state law. *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d at 1336, *supra; In re Great Plains Ranch Co., Inc.,* 38 B.R. 899, 905 (Bankr.C.D.Calif.1984). The Court in *Great Plains* provided the background to § 544(a)(3) noting that it was added to the Bankruptcy Code in 1978 to extend the "strong-arm" voidance powers to a bona fide purchaser of real estate in addition to the voiding powers of a judicial lienholder as found in § 544(a)(2) and (a)(3). Providing a clause as to real estate transactions

separate from personal property was necessary due to differences found in many state laws. The perfection of a security interest in personal property is generally dealt with pursuant to the applicable provisions of the state Uniform Commercial Code, and builds its priority scheme on the rights of creditors, while the law of real property is built around the recording acts which frequently do not speak of the rights of creditors, but of bona fide purchasers. *Id.* 38 B.R. at 905.

■ The Court must now examine the relevant Indiana Recording Statutes as well as certain other related statutes, and their applicability to bona fide purchasers and mortgagees of real property. A bona fide purchaser in Indiana is one who purchases in good faith, for valuable consideration, and the absence of notice of the rights of other third parties. *In re Herr,* 79 B.R. at 798, *supra, citing,* I.L.E., *Sales of Realty,* § 102, p. 341. Notice to a purchaser or transferee can be of two types, actual or constructive. As previously discussed, actual notice is irrelevant as the debtor-in-possession is not subject to such *actual* knowledge under § 544(a)(3). *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d at 1336 *supra.* The language of § 544(a)(3) in giving the Debtor-in-Possession the status of a bona fide purchaser of real property has been qualified to require an examination of "applicable law", here the laws of Indiana, to determine whether the debtor-in-possession had constructive notice of a transfer of property of the Debtor. The exact issue before the Court thus becomes whether, pursuant to Indiana law the recording of a mortgage by the Defendant which contains an acknowledgment lacking the names of the mortgagors, i.e. the prepetition debtors, is sufficient to give constructive notice to the post petition Debtors with the status of a bona fide purchaser of real property. Stated differently, the issue is what legal effect does a defectively acknowledged mortgage, that has been improperly received for recording, have on the constructive notice to a bona fide purchaser of real estate.

Indiana Code 32–1–2–16, provides that constructive notice is given by a properly recorded instrument. This statute states:

Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three (3) years shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, mortgage or lease shall take priority according to the time of the filing thereof, and such conveyance, mortgage or lease shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration, having his deed, mortgage or lease first recorded.

The purpose of this recording statute is to give subsequent purchasers constructive notice of prior conveyance. *In re Herr*, 79 B.R. at 798, *citing, Wienke v. Lynch*, 407 N.E.2d 280, 286 (Ind.App.1980).

■ Compliance with this statute is effective to give constructive notice of prior conveyances and mortgages, assuming the documents themselves are in compliance with statutory requirements. As was stated in *Wienke v. Lynch*, 407 N.E.2d 280, 286, *supra*, and quoted by this Court in *In re Herr, supra:*

Constructive notice is a legal inference from established facts. Deeds and mortgages, *when properly acknowledged* and placed on record as required by statute, are constructive notice of their existence, "and charge a subsequent grantee with notice of all that is shown by the record." (citation omitted) *Willard v. Bringolf,* (1936) 103 Ind.App. 16, 29, 5 N.E.2d 315, 321. (Emphasis supplied).

The validity of the underlying mortgage document itself is governed by I.C. 32–1–2–15, which is as follows:

Any mortgage of lands worded in substance as follows: "A.B. mortgages and warrants to C.D." [here describe the premises] "to secure the repayment of [here recite the sum for which the mortgage is granted, or the notes or other evidences of debt or a description thereof, sought to be secured, also the date of the repayment,] the said mortgage being

dated and duly signed, sealed, *and acknowledged by the grantor,* shall be deemed and held to be of good and sufficient mortgage to the grantee, his heirs, assigns, executors and administrators, with warranty from the grantor and his legal representatives, of perfect title in the grantor, and against all previous encumbrances. And if, in the above form the words "and warrant" be omitted, the mortgage shall be good, but without warranty. (Emphasis supplied).

The requirements for recording any instrument are contained in I.C. 32–1–2–18:

Sec. 18. To entitle any conveyance, mortgage or instrument of writing to be recorded, *it shall be acknowledged by the grantor,* or proved before any judge, or clerk of a court of record, justice of the peace, auditor, recorder, notary public, or mayor of a city in this or any other state, or before any commissioner appointed in any other state by the governor of this state, or before any minister, charge d'affaires, or consul of the United States in any foreign country. (Emphasis supplied).

Finally the form of an acknowledgment is provided in I.C. 32–1–2–23:

Sec. 23. The following or any other form substantially the same, shall be a good or sufficient form of acknowledgment of any deed or mortgage:

Before me, E.F. (judge or justice, as the case may be) this ____ day of ____, A.B. acknowledged the execution of the annexed deed, (or mortgage, as the case may be.)

■ With these statutes in hand, the Court must now determine whether, notwithstanding the fact that the mortgage in question was recorded in the correct public office pursuant to Indiana Law, the acknowledgment contained in the subject mortgage was legally sufficient to give the debtors-in-possession with the status of a bona fide purchaser, constructive notice of the mortgage. The relevant facts pertinent to this issue are not in dispute, and reveal that the mortgage in question was executed by the Debtors on September 19,

1986, and recorded in the Office the Lake County Recorder on September 23, 1986. The mortgage document includes the following acknowledgment:

STATE OF INDIANA )
COUNTY OF LAKE ) SS:

BEFORE ME, the undersigned, a notary public in and for said County and State personally appeared

and acknowledged the execution of the above and foregoing instrument as free and voluntary act and deed for the uses and purposes therein set forth.

GIVEN under my hand and official seal this 22nd day of September , 19 86 .

My commission expires:

January 19, 1990

Res. of Lake County Notary Public

This instrument prepared by R. Garry Bradley, Senior Vice President.

The acknowledgment was signed by the notary.

The key fact to be noted is the names of the Debtors as mortgagors do not appear whatsoever in that portion of the acknowledgment expressly provided for that purpose, and as required by I.C. 32–1–2–23, *supra*. It is the effect of this omission in the acknowledgment on the validity of the entire mortgage which is now in question.

The Defendant, argues that strict compliance with I.C. 32–1–2–23 is not required, and that "substantial compliance" with the statute is all that is needed. The Plaintiffs argue that strict compliance is necessary, and that even if the "substantial compliance" rule does apply to the acknowledgment portion of the statute, there not only was not substantial compliance, there was in fact no compliance. The Plaintiffs further contend that since the mortgage was not being properly acknowledged it could not be properly recorded, and thus such a defectively acknowledged mortgage, though in fact improperly received for recording, cannot constitute constructive notice to them of the mortgage as Debtors-in-Possession. Upon a review of the applicable case law the Court is compelled to agree with the Plaintiffs.

 Pursuant to Indiana Law, a proper acknowledgment must provide the identity of the acknowledgers, and state that they are the same parties that exe-

cuted the underlying instrument as well. If this is not done, and if such a defectively acknowledged instrument is recorded, it is nevertheless considered as never having been filed as such. I.L.E. *Acknowledgments*, § 1, *citing, Haverell Distributors v. Haverell Manufacturing Corp.*, 115 Ind. App. 501, 58 N.E.2d 372, 375 (1944).

The Indiana Supreme Court recognized this general rule in *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d 667 (Ind.1987), and while that Court criticized it, the court did not change that rule. In that case the question was whether the failure to provide the *preparer's* signature on the recorded mortgage pursuant to I.C. 36–2–11–15 was fatal to the document, so that it did not operate to give constructive notice. (*See, In re Sandy Ridge Oil Co., Inc.*, 807 F.2d at 1338, *supra*, wherein the Seventh Circuit certified the issue to the Supreme Court of Indiana).

 The Supreme Court of Indiana in *Sandy Ridge* clearly and unequivocally stated:

*This Court* has never addressed the effect of recording an instrument lacking the preparer's name required by statute, but *has long recognized the general principle that the recording of a document not entitled to be recorded does not afford constructive notice.*

The first cases to cite this principle in Indiana regarded the general rule as well established but offered no supporting rationale. *Reed v. Coale* (1853), 4 Ind. 283, 287; *Deming v. Miller* (1864), 23 Ind. 416; *Watkins v. Brunt* (1876), 53 Ind. 208; *Etzler v. Evans* (1878), 61 Ind. 56; *Lapping v. Duffy* (1879), 65 Ind. 229; *Reeves v. Hayes* (1884), 95 Ind. 521. The principle has since been frequently applied. *See, e.g., Kothe v. Krag–Reynolds Co.* (1898), 20 Ind.App. 293, 50 N.E. 594; *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 135–36, 100 N.E. 376; *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019; *Haverell Distributors Inc., v. Haverell Manufacturing Corp.,* (1944), 115 Ind.App. 501, 58 N.E.2d 372; *Starz v. Kirsch* (1922), 78 Ind.App. 431, 136 N.E. 36; *Bledsoe v. Ross* (1915), 59 Ind.App. 609, 109 N.E. 53; *Guyer v. Union Trust Co. of Indianapolis* (1914), 55 Ind.App. 472, 104 N.E. 82.

*Id.* 510 N.E.2d at 669 (emphasis supplied). The Supreme Court in *Sandy Ridge* held that mortgage was properly recorded, even though the preparer's name was missing. The Defendant argues that this is to be taken to mean that the general rule no longer applies, that the recording of a document not entitled to be recorded does not afford constructive notice. Such an argument is a misreading of the Supreme Court's decision in *Sandy Ridge*. The Court found that I.C. 36–2–11–15 was intended to prevent the unauthorized practice of law, and as such bore no relation to the legality of the conveyance or encumbrance. No where in that decision can this Court find any language, either express or implied, changing the well-established case law of Indiana, that the recording of a document not entitled to be recorded does not afford constructive notice.

In limiting its decision the Supreme Court also very clearly stated:

*We emphasize that the recording requirements which affect the nature of the interest and the formalities of execution, if absent from a recorded instrument, will not be excused so as to permit the improper document to be afforded constructive notice.* By our

decision today, we hold only that the omission of the preparer's name, contrary to the requirements of Section 15, does not operate to deprive a recorded document of the constructive notice to which it would otherwise be entitled.

*Id.* 510 N.E.2d at 671. (Emphasis supplied).

The discussion by the Appellate Court of Indiana, in *Haverell Distributing, Inc. v. Haverell Mfg. Corp.,* 115 Ind.App. 501, 58 N.E.2d 372, 374 (Ind.App.1944), cited with approval by Supreme Court of Indiana in *In re Sandy Ridge Oil Co., Inc.,* 510 N.E.2d at 669, *supra,* which involved the issue of the relative priorities of two chattel mortgages, is instructive. The chattel mortgage by Haverell Mfg. Corp. to one Kruse did not evidence that it was acknowledged by the officers of Haverell Mfg. Co. as chattel mortgagor. The facts of that case are not completely analogous as it involved the failure of a corporate officer to acknowledge the chattel mortgage. However, the general principles enunciated in *Haverell* are relevant to the case at bar. The *Haverell* court held that the chattel mortgage did not give constructive notice, and stated:

By the weight of authority, where no form is prescribed by statute the tendency toward liberality in the construction of acknowledgments is especially strong. *Sanford v. Bulkley,* 1862, 30 Conn. 344; *Pruyne v. Adams, etc.,* 1895, 92 Hun 214, 36 N.Y.S. 361.

Bearing this in mind as well as the rule prevalent in some jurisdictions that if the certificate and the instrument, read together and in connection, disclose the identity of the person making it as an authorized officer or representative of the mortgagor corporation can we say that the exercise of a practical liberality compels us to disregard the general principle on which the authorities are little short of unanimity, it being that a certificate of acknowledgment must, essentially, disclose the identity of the party acknowledging and to show that such party was the one who executed the instrument acknowledged? We think not.

*Wartell v. Peters Hotel Co.*, 1919, 70 Ind.App. 444, 123 N.E. 480; *People v. Webber*, 1919, 44 Cal.App. 120, 186 P. 406; *Hayden v. Westcott*, 1835, 11 Conn. 129; *First Nat'l. Bank v. Baker*, 1895, 62 Ill.App. 154; *Salyerds v. Nichols*, Sup.1917, 167 N.Y.S. 50; *Pinckney v. Burrage*, 1864, 31 N.J.L. 21; *Bowles v. Lowery*, 1913, 181 Ala. 603, 62 So. 107.

Indulging all liberality in applying the test to the certificate attached to the instrument hereinbefore identified as No. 1 we cannot overlook the fact that in the instrument itself the mortgagors are designated, severally, Gravo Corp., Haverell Mfg. Co. and Adolph Hawerlander who subscribe themselves thereto, also severally, as Adolph Hawerlander, Haverell Mfg. Corp. and Gravo Company, Adolph Hawerlander, Pres't while the certificate evidences the acknowledgment of Adolph Hawerlander alone.

\* \* \* \* \* \*

We must hold, therefore, that the instrument was not entitled to filing as the chattel mortgage of the said corporation and that it must be considered as never having been filed as such. *See Kothe v. Krag–Reynolds Co.*, 1898, 20 Ind.App. 293, 308, 50 N.E. 594 and cases cited *supra. See also*, the case of *Universal Discount Corporation v. Raymond Brooks*, Rec., Ind.App. [115 Ind.App. 591] 58 N.E.2d 369.

\* \* \* \* \* \*

Any conveyance, mortgage or other instrument which is recorded without being duly acknowledged is not constructive notice to any one. *Sinclair v. Gunzenhauser*, 1913, 179 Ind. 78, 98 N.E. 37, 100 N.E. 376; *Bledsoe v. Ross*, 1915, 59 Ind.App. 609, 109 N.E. 53; *Starz v. Kirsch*, 1922, 78 Ind.App. 431, 126, 136 N.E. 36; *Kothe v. Krag–Reynolds Co.*, *supra*.

*Id.* 58 N.E.2d at 374–75. *See also, Guyer v. Union Trust Co.*, 55 Ind.App. 472, 104 N.E. 82 (1914), cited with approval by the Supreme Court of Indiana in *Sandy Ridge*. There the Court stated as follows:

Said chattel mortgage is signed by both said William Guyer and Charles B.

Guyer, and immediately after their signatures is found the following in place of a certificate of acknowledgment; "In witness whereof the mortgagors have hereunto set their hands and seals this 3rd day of October, 1905. Benj. H. Dugdale, Notary Public. My commission expires May 26, 1908."

\* \* \* \* \* \*

As a prerequisite to the recording of such an instrument, it is provided that it "shall be acknowledged as provided in cases of deeds of conveyance." Section 7472, R.S.1908. The statutory provision respecting acknowledgment and the form of certificate in case of a deed of conveyance is as follows: "The following or any other form substantially the same shall be a good and sufficient acknowledgment of any deed or mortgage: 'Before me E.J. (a judge or justice of the peace, as the case may be), this ___ day of ___ A.B., acknowledged the execution of the annexed deed (or mortgage, as the case may be).'" Section 3982, R.S.1908. Conceding that said statute should be liberally construed, and that only a substantial compliance with its terms is required, still it is evident that said alleged certificate of acknowledgment is totally lacking in the features essential to its validity and sufficiency as such. It may be construed as a statement by the notary that the mortgagors signed it, but there is no certificate that said mortgagors acknowledged the signing or execution of the instrument. Said certificate is invalid under the following authorities: *Dewey v. Campau*, 4 Mich. 565; *Blair v. Sayre*, 29 W.Va. 604, 2 S.E. 97; *Watson v. Michael*, 21 W.Va. 568; *White v. Magarahan*, 87 Ga. 217, 13 S.E. 509; *Henderson v. Grewell*, 8 Cal. 581; *Bryan v. Ramirez*, 8 Cal. 462, 68 Am. Dec. 340; *Hughes v. Morris*, 110 Mo. 306, 19 S.W. 481; *Hockman v. McClanahan*, 87 Va. 33, 12 S.E. 230; *O'Ferrall v. Simplot*, 4 G. Greene (Iowa) 162; *Reynolds v. Kingsbury*, 15 Iowa, 238; *Brinton v. Seevers* 12 Iowa, 389; *Sutton v. Pollard* (Ky.) 16 S.W. 126; *Spitznagle v. Vanhessch*, 13 Neb. 338, 14 N.W. 417;

*Becker v. Anderson,* 11 Neb. 493, 9 N.W. 640; *Smith v. Garden,* 28 Wis. 685; *Roanes v. Archer,* 4 Leigh (Va.) 550; *Westhafer v. Patterson,* 120 Ind. 459, 22 N.E. 414, 16 Am.St.Rep. 330; *Mays v. Hedges,* 79 Ind. 288; *1 Cyc.* 672 et seq.; *Trerise v. Bottego,* 108 Am.St.Rep. 563, note. Under such circumstances, said chattel mortgage was not entitled to be recorded, and, even though recorded within ten days after its execution, it would be valid only between the parties to it, and would be invalid as against any other person, even though such person had actual notice of its existence. *Ross v. Menefee,* 125 Ind. 432, 439, 25 N.E. 545; *Lockwood v. Slevin,* 26 Ind. 124; *Kennedy v. Shaw,* 38 Ind. 474; *Sidener v. Bible,* 43 Ind. 230; section 7472, R.S. 1908.

*Id.* 104 N.E. at 85–88. *Accord: Wartell v. Peters Hotel Co.,* 70 Ind.App. 444, 123 N.E. 480 (Ind.App.1919); *Kothe v. Krag–Reynolds Co.,* 20 Ind.App. 293, 50 N.E. 594, 599 (Ind.App.1988) (also cited with approval by the Supreme Court of Indiana in *Sandy Ridge* ). *Compare: U.S. v. Arnol & Mildred Shafer Farms, Inc.,* 107 B.R. 605, *supra* (corporate mortgage given constructive notice where corporate name did not appear by signatures of parties executing mortgage on behalf of corporation, but nevertheless the identity of the signators in their individual capacities were set out in the acknowledgment).

The above cases involve chattel mortgage, rather than real estate mortgages. However, the holdings therein are equally applicable to the case at bar.

The Court's attention is also directed to *Walters v. Hartwig,* 106 Ind. 123, 6 N.E. 5 (Ind.S.Ct.1886), which held that although the recording of an instrument not entitled to be recorded will not give constructive notice, if the purchaser actually sees the instrument of record he will be deemed to have had actual notice of its contents. However, this case is no help to the Defendant for as noted by the Seventh Circuit in *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d at 1336, *supra,* as to the postpetition Debtor-in-Possession, the prepetition, *actual*

knowledge of the Debtor is irrelevant under § 544(a).

It is thus clear that, notwithstanding the decision of the supreme Court in *Sandy Ridge,* the law of Indiana still requires compliance with the formalities of execution as required by the acknowledgment and recording statutes, and that failure to so comply will not constitute constructive notice to bona fide purchasers and mortgagees.

In applying these principles, the Court first notes that Indiana law requires an acknowledgment in order to record a mortgage. I.C. 32–1–2–18. Indiana Code 32–1–2–23 then provides a suggested though not mandatory form of acknowledgment. The latter statute allows for any other form of acknowledgment that is substantially the same. The *form* used in the mortgage in issue certainly meets the standards of I.C. 32–1–2–23, inasmuch as it is essentially the form provided in the statute. Unfortunately for the Defendant, it is not the form of the acknowledgment, but rather its proper *completion* of the same that is in issue.

The Defendant argues that Indiana has long accepted the doctrine of substantial compliance, and cites several cases to support its position. This Court is compelled to conclude that the Defendant has misinterpreted that doctrine in the context of the issues before the Court. While the *form* of the acknowledgment itself may deviate as long as it is substantially the same as found in I.C. 32–1–2–23, the *completion* of the acknowledgment of the document sought to be acknowledged must be strictly complied with. The cases cited by the Defendant include *Sandy Ridge Oil Co., Inc.,* 510 N.E.2d 667, *supra,* where the defect involved the *preparer's* identity; *Indiana Natural Gas & Oil Company v. Leer,* 34 Ind.App. 61, 72 N.E. 283 (1904) where the defect was the failure to include the term "notary public" after the signature of said official; *Guyer v. Union Trust Company of Indianapolis,* 55 Ind.App. 472, 104 N.E. 82 (1914), where the acknowledger was identified only as the "mortgagor,"; and, *Haverell Distribution, Inc.,* 58

N.E.2d 372 *supra*, and *U.S. v. Arnol & Mildred Shafer Farms, Inc.*, 107 B.R. 605, *supra*, both being cases where the alleged defect was in the capacity and authority of the acknowledger. In all of these cases the acknowledgment was completed, and the courts were left to determine the sufficiency of the acknowledgment. In the above cases, the courts looked for substantial compliance, finding substantial compliance in some cases and not in others. The distinguishing fact between these cases, and the case at bar, is that in the cases cited by the Defendant the parties had complied with the form of the acknowledgment, and had identified the acknowledger, albeit in some cases defectively. The defect in the acknowledgment to the mortgage in issue is not the case of slight or unsubstantial variance from the statutory form as urged by the Defendant. This is a case of no compliance whatsoever as to the completion of the formal part of the acknowledgment relating to who appeared, if anyone, and acknowledged to the notary that they executed the mortgage in question.

The Defendant cites the case of *Whitfield v. Greater South Bend Housing Corp.*, 150 Ind.App. 291, 276 N.E.2d 188 (1972) in support of its position. In that case the affiant's name was omitted from the jurat attached to the notice of intention to file a mechanics' lien contrary to I.C. 32–8–3–3. The Court held that there was a proper execution of the sworn statement as required by the mechanics lien statute in view of the overall circumstances. Defendant herein argues this case to be analogous to the case at bar. This Court notes that this case was decided in 1971 before the Indiana Supreme Court's holding in *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d 667, *supra*, requiring strict compliance with recording requirements. This Court also concludes that the *Whitfield* court was incorrect in its disregard for the formalities of the execution of documents intended to

be recorded. While the Court cannot agree with Plaintiff's contention that this case is totally irrelevant, it is clearly distinguishable from the case at bar. Even if correct, the *Whitfield* case simply does not support the Defendant's position. The mechanic's lien statute in issue in *Whitfield* required the recording of a *sworn* statement.[1] In contrast, in the case before the Court I.C. 32–1–2–18 applies, and requires an *acknowledgment* of the document before recording. A sworn statement by its very nature is one in which a notary attests that a certain identified person appeared before him and swore to a statement of fact. An affidavit or sworn statement is simply not the same as an acknowledgment, and has a distinct and different purpose. An acknowledgment has been defined as a "formal declaration before an authorized official, by person who executed the instrument, that it is his full act and deed." Black's Law Dictionary, P. 23 (West Pub. Co.1990, 6th Ed.). On the other hand, a sworn statement or an affidavit has been defined as a "written or printed declaration or statement of facts, made voluntarily, and confirmed by oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation". *Id.* at p. 58. The mechanics of accomplishing an acknowledgment and an affidavit are also entirely distinct and different. A document that is sworn to in affidavit form does not qualify as a document that may be recorded pursuant to I.C. 32–1–2–18. Conversely, if a document is acknowledged, the acknowledgment would not be by substantial compliance with I.C. 32–8–3–3 requiring a sworn statement. The Appellate Court in *Whitfield* relied on an Iowa case, *Briggs v. Yetzer*, (1897) 103 Iowa 342, 72 N.W. 647, while stating that case was distinguishable on its facts. This Court while acknowledging oblique similarities between *Whitfield*, and the case at bar, will decline to apply the

---

1. Indiana Code 32–8–3–3 as constituted at the time of the *Whitfield* decision, in relevant part provided as follows:

 Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such materials, or machinery, described in section 1 of this act, a *sworn statement* in duplicate of his intention to hold a lien upon such property.... (emphasis supplied).

*Whitfield* holding in its decision here, and concludes that the Supreme Court's reiteration in *Sandy Ridge,* that the recording of a document not entitled to be recorded does not afford constructive notice is the present state of the law in Indiana. *Sandy Ridge,* 510 N.E.2d at 669, *supra.*

The Defendant also cites *Mishawaka Federal Savings & Loan Assn. v. Brademas,* 162 Ind.App. 423, 319 N.E.2d 674 (1975) for the proposition that the mortgage and the acknowledgment should be read together in order to determine the validity of the acknowledgment. Once again, this Court does not disagree that the two separate, yet related portions, of the acknowledged document should be read together. In *Mishawaka Federal* the acknowledgment was in fact completed in that the names of the acknowledgers were set out in the acknowledgment form. The only question was the acknowledgers capacity and authority.

The Court in *Mishawaka Federal* was careful to distinguish that case from *Haverell Distributors v. Haverell Mfg. Corp.,* 58 N.E.2d 372, *supra,* holding that in determining the validity of the execution and acknowledgment of an instrument reference may be had to the entire content of the instrument; and that it is not necessary that the acknowledgment be considered in isolation, *citing, Lenhart v. Grace Const. & Supply Co.,* 120 Ind.App. 41, 89 N.E.2d 627 (1950). This is clearly not the issue before this Court. When, as here, the acknowledgment form is left entirely blank as to who appeared before the notary and executed the document, there is no basis whatsoever to properly receive the document for recordation. There is no room for interpretation by the Court, when the names of the alleged acknowledgers are completely omitted from the acknowledgment form.

The Defendant also asserts that "a certificate of acknowledgment is sufficient prima facie evidence of the execution of a mortgage to entitle it to be read into evidence," *citing, Krom v. Vermillion,* 143 Ind. 75, 41 N.E. 539 (1895). That quote is taken out of context, and fails to recognize

a key fact present in that case that is not present in the case *sub judice.* In *Krom* the mortgage was properly acknowledged and recorded. The *ratio decedendi* in that case is that a certificate of acknowledgment *properly executed* in compliance with the statute is prima facie evidence of the execution of the mortgage. This Court agrees with the holding in *Krom.* However, the attempt by the Defendant to apply that holding to the facts in the case at bar is clearly misplaced.

Finally, the Defendant cites *Haverell,* 58 N.E.2d 372, *supra,* for the general proposition that acknowledgments are to be given liberal construction. Once again the Defendant has taken this statement out of context in an attempt to apply the holding in *Haverell* to the facts of the case at bar. *Haverell,* states that "By the weight of authority *where no form is prescribed by statute* the tendency toward liberality in the construction of acknowledgments is especially strong." *Haverell,* 58 N.E.2d at 374, *supra.* (emphasis supplied). The Court went on to say that after enactment of a statute (the chattel mortgage act) a mortgage as asserted against persons not party, must meet the positive requirements of the statute, *citing, Roudebush v. Nash,* 93 Ind.App. 283, 177 N.E. 335 (1931). *Id.* 58 N.E.2d at 374. The liberal construction and substantial compliance arguments of the Defendant thus fail to convince this Court that Indiana requires anything less than strict compliance with its statutes regarding the acknowledgment and recording of documents.

The purpose of the Indiana recording statutes in issue, is to put all the world on notice of prior liens and encumbrances thereby providing stability to commercial transactions involving the transfers and encumbrances of realty. Strict compliance with this statutes permits innocent third parties to rely on the authenticity and validity of documents in that they were properly executed, acknowledged, and recorded. The Indiana legislature has recognized and adopted the general rule requiring identification of the acknowledger in the body of the acknowledgment before an instrument

can be recorded. To hold that this requirement may be waived by leaving that space blank is to ignore the long standing case law in Indiana, the plain language of the statutes, and the apparent intent of the legislature.

This Court thus concludes that recording of this mortgage, with its defective acknowledgment, is in effect no recording at all, and thus does not provide constructive notice, even though in fact received for recording by the County Recorder.

Statutes are frequently enacted by state legislatures to cure or legalize certain technical defects in acknowledgments which sometimes occur. The Court points this out to first note that since the time of the execution of the mortgage in question, on September 19, 1986, no such curative statutes have been enacted in Indiana. Secondly, the Court, in examining the latest such curative statute in Indiana I.C. 32-1-3-1 (repealed by P.L. 1-1989, See, I.C. 1-1-1-2 for historical note), observes that it cures such matters as defects in the authority of the notary, failure to affix the notary seal, and expiration of the notary's commission. These are all technical defects which do not go to the validity of the form of the acknowledgment of the document itself. This statute, even if applicable, does not cure or legalize any deviation from the requirement that the acknowledgment provide the identity of the acknowledger. It is apparent that the Indiana Legislature by enacting such curative statutes had no intention to legalize or cure deviations from the statutory requirement found in I.C. 32-1-2-23.

The Court acknowledges that the affidavits filed have raised a genuine issue of material fact concerning whether the Debtors actually appeared before the notary and acknowledged their signatures to the mortgage. The Plaintiffs have filed affidavits in which they deny ever appearing before any notary public in regard to this mortgage. The Defendant has filed the affidavit of the notary, Rhonda Sills, which avers that the Plaintiffs did appear before her on September 22, 1986 at which time they signed and acknowledged the mortgage. Clearly a disputed issue of fact does exist on this point, and if the acknowledgment had been properly completed, both the Plaintiffs' and the Defendants' Motions for Summary Judgment would have been denied as these two conflicting affidavits clearly created a genuine issue of material fact. However, that factual issue has been rendered moot, for even if the Debtors had in fact appeared before the notary, that would not alter this Court's conclusion for it has determined that the acknowledgment is defective as a matter of law.

A summary judgment is proper where the issues of the case are concerned exclusively with the application of legal principles to undisputed facts. *Golden v. Kentile Floors, Inc.*, 475 F.2d 288, 291 (5th Cir.1973); *Majors Furniture Mart, Inc. v. Castle Credit Corp.*, 602 F.2d 538 (3d Cir. 1979); *Fitzsimmons v. Greater St. Louis Sports Enterprises, Inc.*, 63 F.R.D. 620 (D.C.Ill.1974).

Thus, although there remains genuine issues of fact as to whether the Debtors actually appeared before the notary when they executed the mortgage in question, there is no genuine issue of material fact whatsoever, that the form of acknowledgment does not recite who appeared before the notary, if anyone, and acknowledged the execution of the mortgage.

This Court is not unaware of the potentially serious effect of this ruling on the Defendant and other financial institutions. Nonetheless, this holding does nothing more than require compliance with the applicable Indiana statutes regarding acknowledgment and the recording of instruments. It is not the function of this Court to remedy the error committed by a party in the slipshod or negligent performance of its dealings. Further, it is not the function of this Court to pass judgment on the wisdom or propriety of the state statutes in issue. This Court has merely applied applicable state law to the facts in the case at bar. If Indiana law is to be changed such is the province of the Indiana State Legislature or the Supreme Court of Indiana.

The Court having reviewed the complaint and answer filed herein, and the respective

Motions for Summary Judgment filed by each party, together with the supporting legal memoranda, affidavits of Anthony Frances Baldin and Luise Ann Baldin, and all of the relevant papers and documents of record, and having taken into consideration all admitted facts, the Court concludes that no material issue of fact exists pursuant to Fed.R.Civ.P. 56(c) in that the acknowledgment of the mortgage is defective and not in compliance with I.C. 32–1–2–23. As a result, the mortgage was not entitled to recordation pursuant to I.C. 32–1–2–18, and cannot serve as constructive notice to the Debtors-in-Possession as bona fide purchasers or mortgagees under Indiana law. Accordingly, the Plaintiffs may void said mortgage pursuant to 11 U.S.C. § 544(a)(3). Thus, the Plaintiffs are entitled to Summary Judgment as a matter of law.

It is therefore

ORDERED, ADJUDGED AND DECREED, that the Defendant's Motion for Summary Judgment is DENIED, and that the Plaintiffs' Motion for Summary Judgment is GRANTED. And it is further,

ORDERED, ADJUDGED, AND DECREED, that the mortgage granted by the Plaintiffs to the Defendant on September 19, 1986 in the sum of $148,614.57 as to that real property described therein as Lot 1, Piazza Trenta, as shown in Plat Book 49, page 5, in Lake County, Indiana, is hereby voided as to the Debtors-in-Possession pursuant to 11 U.S.C. § 544(a)(3).

The Clerk shall enter this judgment upon a separate document pursuant to Fed. R.Bk.P. 9021.